16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ralph M. MALONE, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 93-3477.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1993.
 
 Before MAYER, PLAGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Petitioner Ralph M. Malone appeals the May 14, 1993 decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. This court affirms.
 
 DISCUSSION
 
 2
 Mr. Malone was granted disability retirement on June 29, 1979. In 1981, the Department of Treasury's Internal Revenue Service reemployed Mr. Malone as a Taxpayer Service Representative. The agency removed Mr. Malone from this position in 1984, based on alleged unacceptable performance. The SF-50 personnel form indicated that his removal was a "termination-involuntary." Mr. Malone appealed the decision to the Board.
 
 
 3
 In an initial decision, the Board held that Mr. Malone had no basis to appeal his removal because he was a reemployed annuitant under 5 C.F.R. Sec. 210.102(b)(13) (1993). The Board therefore dismissed the appeal on August 5, 1985 for lack of jurisdiction. The Board denied Mr. Malone's petition for review of the initial decision.
 
 
 4
 Mr. Malone filed a petition with the Board in 1986, seeking to appeal an allegedly erroneous application of the retirement statutes. The Board dismissed this appeal as well for lack of jurisdiction. The Board noted that Mr. Malone sought "correction of the SF-50" to reflect his status as a reemployed annuitant. On March 27, 1986, the agency issued new SF-50s on Mr. Malone's appointment and discharge that showed his status as a reemployed annuitant. The new SF-50s indicate that Mr. Malone's employment with the agency fell under the provisions of 5 U.S.C. Sec. 3323(b) (1988). Section 3323(b) permits termination of reemployed annuitants at the will of the appointing authority. The agency sought to cancel Mr. Malone's "termination-involuntary" removal and reclassify his removal as a "discharge" under section 3323(b). The March 27, 1986 discharge SF-50, however, was apparently incorrect. Therefore, on March 25, 1987, the agency issued a new discharge SF-50.
 
 
 5
 Mr. Malone appealed to the Board. He protested the adequacy of the notice that his discharge occurred under section 3323(b). The Board dismissed Mr. Malone's appeal. The Board had no jurisdiction to entertain an appeal from an administrative action which merely corrects or changes information on a personnel form. The Board also noted that Mr. Malone received notice in the March 27, 1986 SF-50 that his appointment and discharge were subject to the provisions of section 3323.
 
 
 6
 This court affirms the Board's decision unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). This court therefore ascertains whether the Board's decision "complies with the applicable statute and regulations and whether it has a rational basis supported by substantial evidence from the record taken as a whole." Id. at 1537.
 
 
 7
 Mr. Malone contends that the agency's March 25, 1987 cancellation of the October 25, 1984 termination-involuntary decision entitles him to reinstatement with back pay. Mr. Malone argues that the agency's reissue of corrected discharge SF-50s in 1986 and 1987 constituted an adverse personnel action appealable to the Board.
 
 
 8
 The appellant must establish by a preponderance of the evidence that the Board has jurisdiction over his appeal. 5 C.F.R. Sec. 1201.56(a)(2)(i) (1993); Roche v. United States Postal Service, 828 F.2d 1555, 1557 (Fed.Cir.1987). To establish jurisdiction, Mr. Malone must point to a specific law, rule or regulation establishing Board jurisdiction over his appeal of the agency's reissue of corrected SF-50s. 5 U.S.C. Sec. 7701(a) (1988); 5 C.F.R. Sec. 1201.3 (1993); Roche, 828 F.2d at 1557. This court discerns no reversible error in the Board's determination that Mr. Malone did not show Board jurisdiction over his appeal.
 
 
 9
 Mr. Malone seeks to litigate the merits of his alleged removal in this court. This he cannot do. Without Board jurisdiction, Mr. Malone is precluded from arguing his case in this court as well. Noble v. Tennessee Valley Authority, 892 F.2d 1013, 1014 (Fed.Cir.1989), cert. denied, 110 S.Ct. 3214 (1990).
 
 
 10
 This court affirms the Board's decision dismissing Mr. Malone's appeal for lack of jurisdiction.