36 F.3d 1115
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Iris S. SOLOMON, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 93-3565.
 United States Court of Appeals, Federal Circuit.
 Sept. 12, 1994.
 
 Before RICH, NIES and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Iris S. Solomon petitions for review of a decision of the Merit Systems Protection Board (Board), Docket No. DC0752930553-I-1, dismissing her appeal as untimely and for lack of jurisdiction. An initial decision by an Administrative Judge (AJ), dated August 12, 1993, became the final decision of the Board on September 16, 1993, when Ms. Solomon failed to file a petition for review. We affirm.
 
 DISCUSSION
 I. Background
 
 2
 Faced with imminent removal for unacceptable performance, Ms. Solomon resigned her position with the United States Navy effective May 10, 1988. In her notice of resignation, she noted that she was resigning because it was apparent to her that her job performance would never be satisfactory as far as her supervisor was concerned. She also referred to "oppressive work conditions" and "daily badgering" and "harassment" through memoranda alleging that her work performance was unacceptable. She stated that the attacks on her job performance had created an unbearable and stressful working environment which was not conducive to performing her job in the satisfactory manner that she had previously. Ms. Solomon's standard form 50 (SF-50) documenting her resignation was updated on March 27, 1991, to add her reason for resigning:
 
 
 3
 Supervisor's harassment of me and his attacks on my job performance has created an environment which is not conducive to performing my job in the satisfactory manner which I had previously established. Consequently, I feel compelled to resign even though I am reluctant to do so.
 
 
 4
 On June 1, 1993, over five years after her resignation, Ms. Solomon appealed her resignation to the Board. The Navy filed a motion to dismiss her appeal asserting that her appeal was untimely and that the Board lacked jurisdiction to consider a voluntary resignation. Ms. Solomon's opposition to this motion stated:
 
 
 5
 She was forced, however, to resign from this position due to sexual harrasment [sic]. At the time of the involved occurrence, the employee did not know the exact cause of the reason she was being forced to resign. She was told that it was due to her unsatisfactory performance. At the time, the appellant did not realize the mental pressure, strain and embarassment [sic] she was under. Nor did she realize the state of severe depression she was in as a result of the situation. It is only now after years of counceling [sic] and open discussions with others that she is able to openly discuss what actually happened to her. Equally importantly [sic] is the fact that the appellant was threatened by her immediate supervisor to the point that she was in fear not only of her future job career at this agency or any other, but she also feared for her life. This is all because of threats made by her immediated [sic] supervisor to her during the involved period.
 
 
 6
 The AJ granted the Navy's motion and dismissed Ms. Solomon's appeal. The AJ found that Ms. Solomon's recent recognition of an alleged grounds of appeal did not constitute good cause for delaying approximately five years in filing her appeal and that she had failed to establish any other basis for waiving the time limit for filing an appeal. The AJ also found that Ms. Solomon's resignation from the Navy had been voluntarily tendered, and therefore, irrespective of the timeliness of her appeal, the Board did not have jurisdiction to hear her appeal.
 
 II. Timeliness
 
 7
 The Board has broad discretion in deciding whether to waive the time for appeal. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). This court will not substitute its own judgment for that of the Board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982).
 
 
 8
 In this case, the AJ found that Ms. Solomon's resignation was not tendered under circumstances of coercion or duress rising to the level of a "constructive removal," and therefore that her resignation was voluntary. Cruz v. Dept. of Navy, 934 F.2d 1240, 144 (Fed.Cir.1991). The imminence of a less desirable alternative to voluntary resignation does not render the choice that she made involuntary. Sammt v. United States, 730 F.2d 31, 32 (Fed.Cir.1985). The AJ found that nothing of record prior to Ms. Solomon's 1993 appeal suggested that she had been subjected to sexual harassment. Rather, the evidence of record, such as her resignation letter and the amendment to her SF-50, merely indicated that Ms. Solomon believed the Navy's actions were all based on poor job performance. Ms. Solomon has failed to persuade us that the AJ erred in her analysis of the voluntariness of her resignation.
 
 
 9
 Because her resignation was voluntary, the AJ held that the Navy was under no obligation to inform her of appeal rights at the time of her resignation, and therefore she could not blame her delay in filing on the Navy's failure to inform her of such rights. The AJ also noted that, in any event, Ms. Solomon became aware that appeals from involuntary removals could be made to the Board at least as early as 1990 when she appealed a personnel action by a different agency, and yet she still waited three years thereafter to file her appeal in this case. Ms. Solomon has failed to convince us that the AJ erred in concluding that the Navy was under no obligation to inform her of appeal rights at the time of her resignation, or even if it had so erred, that this constituted anything more than harmless error given that she did know about the appeals process at least as early as 1990, yet still failed to act.
 
 
 10
 As to Ms. Solomon's contentions that her delay should be excused due to her alleged belated recognition that she had been a victim of sexual harassment, we note, as did the AJ, that the failure to recognize that one possesses grounds to appeal does not constitute good cause for excusing an untimely filing of an appeal to the Board. See Carney v. Dept. of Treasury, 48 M.S.P.R. 101, 103 (1991), aff'd, 956 F.2d 1172 (Fed.Cir.1992) (Table); Hall v. Dept. of Navy, 44 M.S.P.R. 274, 276-77, aff'd, 914 F.2d 270 (Fed.Cir.1990) (Table).
 
 
 11
 Finally, the AJ also found Ms. Solomon's claims that her delay was because she feared for her life to be not credible. To the extent that Ms. Solomon disputes this credibility determination by the AJ, we note that credibility determinations are virtually unreviewable, and we find nothing in the record to justify our reconsidering the AJ's credibility determinations in this case. See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 III. Jurisdiction
 
 12
 We also are not persuaded that the AJ erred in additionally dismissing Ms. Solomon's appeal for lack of jurisdiction. The Board's jurisdiction is limited to those actions made appealable to it by law, rule, or regulation. 5 U.S.C. Secs. 1204(a)(1), 7701(a); Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987). As discussed above, the AJ determined that Ms. Solomon's resignation was voluntary, and we have no reason to reverse that determination. Accordingly, because the Board has no jurisdiction over appeals from voluntary resignations, see 5 U.S.C. Sec. 7543(d) and 5 C.F.R. Sec. 1201.3, dismissal was proper.
 
 CONCLUSION
 
 13
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Finding no such grounds present here, we affirm.