36 F.3d 1115
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daniel M. GOLDBERG, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3254.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1994.
 
 Before RICH, NIES and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Daniel M. Goldberg petitions for review of a decision of the Merit Systems Protection Board (Board), Docket No. DC-315H-93-0639-I-1, dismissing Mr. Goldberg's appeal of his removal for lack of jurisdiction. An initial decision by an Administrative Judge (AJ), dated September 27, 1993, became the Board's final decision on February 25, 1994, when it denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 The issue in this case is whether the Board erred in dismissing Mr. Goldberg's appeal for lack of jurisdiction. The Board's jurisdiction is limited to those actions made appealable to it by law, rule, or regulation. 5 U.S.C. Secs. 1204(a)(1), 7701(a); Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987).
 
 
 3
 In an Acknowledgment Order dated August 6, 1993, the AJ informed Mr. Goldberg that the Board appeared to lack jurisdiction over the subject matter of his appeal. The AJ explained that probationary employees have appeal rights limited to cases of termination based on partisan political reasons or marital status, and that Mr. Goldberg had the burden of proving that the Board possessed jurisdiction. See 5 C.F.R. Secs. 315.805, 315.806. Accordingly, the AJ ordered Mr. Goldberg to file "evidence and argument to prove that this action is within the Board's jurisdiction." Mr. Goldberg did not respond to this Order, and the AJ subsequently dismissed Mr. Goldberg's appeal for lack of jurisdiction. See Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650 (Fed.Cir.1992).
 
 
 4
 The AJ stated in his decision that Mr. Goldberg's "appeal form along with uncontested documentation submitted by the agency, show that appellant was serving a probationary period at the time of his termination." In this regard, we note that Mr. Goldberg checked "yes" in response to the question in block 23 of his appeal form to the Board asking: "Were you serving a probationary or trial period at the time of the action appealed?" Having found him to be a probationary employee, the AJ then noted that Mr. Goldberg had failed to assert or present any evidence that his termination was based on partisan political reasons or marital status. The AJ accordingly dismissed his appeal. Mr. Goldberg has failed to persuade us that the AJ committed any errors justifying reversal.
 
 
 5
 Mr. Goldberg argues that the AJ erred in holding that he was a probationary employee and points to several documents that allegedly support his position. The Board counters that this court should not consider these arguments because Mr. Goldberg failed to address the issue of his probationary status before the AJ, even though the AJ made it clear in his Order that he considered Mr. Goldberg to be a probationary employee. We agree. Even so, given that Mr. Goldberg described himself as a probationary employee in his appeal form and failed to respond to the AJ's Order referring to him as a probationary employee, we see no error in the AJ's ultimate decision regarding his probationary status justifying reversal. The Board also argues that the documents that Mr. Goldberg brings to this court's attention (a handwritten SF-52 and letter) in support of his position were not submitted to the AJ and are not part of the administrative record. We need not resolve the issue of whether they are a part of the record or not, because, even if they are, they are not sufficient alone to justify reversal.
 
 
 6
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Having reviewed the record before us, we cannot say that the AJ's decision falls within any of these categories.