Ronald J. ROCHE, Petitioner,

v.

UNITED STATES POSTAL
SERVICE, Respondent.

No. 87–3178.

United States Court of Appeals,
Federal Circuit.

Sept. 15, 1987.

Ronald J. Roche, pro se.

C. William Lengacher, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.

Before DAVIS, Circuit Judge,
BALDWIN, Senior Circuit Judge, and
SMITH, Circuit Judge.

EDWARD S. SMITH, Circuit Judge.

Ronald J. Roche (Roche) seeks review of the final decision of the Merit Systems Protection Board (board), docket No. BN03538610201, 32 M.S.P.R. 384, dismissing for lack of jurisdiction his appeal alleging that the United States Postal Service (agency) had failed to restore him to duty following his full recovery from an on-the-job injury. We vacate and remand this case to the board for an evidentiary hearing on the issue of jurisdiction.

### Issue

The only issue in this appeal is whether the board properly dismissed Roche's appeal for lack of jurisdiction.

### I. Background

Roche received a probationary career appointment as a part-time flexible letter carrier with the Marblehead, Massachusetts, Post Office on June 27, 1981. On July 8, 1981, while delivering mail, Roche suffered from what was later diagnosed as the "serious effects of heat prostration." Roche was unable to return to work until August 10, 1981, when his physician released him for light duty. He was not released for full duty until September 30, 1981, after he had been terminated.

When he returned on light duty, he was assigned to the task of casing mail. On his 30–day evaluation report, which was signed on August 19, 1981, his rating was "unsatisfactory because of insufficient training." It was noted on the form that the rating was based on only 2 days work due to an injury. His performance was also rated as unsatisfactory on his 60–day evaluation report, which was signed only 8 days later, on August 27, 1981, and it was recommended that he be separated for failure to qualify. He was terminated on September 4, 1981, during his probationary period.

Roche filed a claim for worker's compensation based on the heat exhaustion injury with the Department of Labor, Office of Workers' Compensation Programs (OWCP), and the claim was denied on November 17, 1981. However, on May 18, 1984, the OWCP reversed its initial denial and approved the claim based on its review of additional evidence submitted concerning the claim.

Roche then filed a petition with the board alleging that the agency had failed to restore him to duty following his full recovery from a compensable on-the-job injury. Because Roche was removed while he was still a probationary employee and he was not a veteran, the administrative judge (AJ) issued an order on September 3, 1986, requiring Roche to submit evidence and argument that the board had jurisdiction over the appeal. Roche responded on September 15, 1986, with a 3–page submission alleging that the board had jurisdiction.

The AJ dismissed the petition for lack of jurisdiction because she found that Roche had failed to present a non-frivolous allegation that his removal was the result of, or substantially related to, his compensable injury. In so finding, the AJ stated that

[Roche] never argued that his physical condition prevented from him [sic] casing mail nor did he present any medical documentation that his physical condition hindered him in casing mail. From the documentation presented, the only limitation

for [Roche] in the summer of 1981 was to remain indoors during extreme heat, which he was allowed to do. * * *

The AJ concluded that the "main thrust" of Roche's argument was that his removal was the result of inadequate training.

Roche petitioned the board for review of the AJ's decision. The board denied the petition for review, but reopened the case on its own motion and affirmed the initial decision as modified by its opinion. The board reopened the case because the record before the AJ in fact contained a doctor's statement showing additional restrictions placed on Roche because of his injury. The board affirmed the AJ's opinion because it agreed that the main thrust of Roche's argument was that the agency's failure to train him caused his performance problems. The board found that, even though Roche was under more restrictions than simply remaining indoors, he had failed to allege sufficiently that those restrictions caused the performance problems that resulted in his removal.

This appeal then followed.

## II. *Jurisdiction*

■ It is settled that the board's jurisdiction is not plenary and is limited to actions appealable to it "under any law, rule, or regulation."[1] Roche has the burden of showing that the board has jurisdiction in this matter.[2]

■ Roche could not appeal his removal to the board because he was terminated during his probationary period,[3] and he was not a veteran.[4] However, Roche could appeal the denial of restoration rights[5] if he could show that his removal was the result of a compensable injury or was substantially related to a compensable injury.[6]

The AJ and the board relied on the board's opinion in *Miner v. United States Postal Service*[7] in holding that the board did not have jurisdiction over Roche's appeal. However, the *Minor* case is distinguishable from this one. In *Minor*, the appellant was removed for filing a false injury claim, and an arbitrator upheld the removal on that basis. The board found that Minor's removal did not result from, or substantially relate to, her injury because the injury did not cause her to utter a false statement. This court agreed with the board because Minor was removed for filing a false accident report, which was unrelated to the compensable injury. Here, Roche alleged that his inability to perform the casing job, the reason for his removal, was caused by the restrictions placed on him because of his injury.

Therefore, the question is whether Roche sufficiently alleged that he was removed due to a compensable injury or for reasons substantially related to a compensable injury. The board concluded that he had not. It agreed with the AJ's determination that the thrust of Roche's argument was that the agency's failure to train him caused his performance problems and, hence, his removal. In reaching that finding, the AJ relied on Roche's arguments to the Office of Equal Employment Opportunity (OEEO) in his discrimination complaint, as well as his arguments to the board.

■ Although it was not error for the AJ to consider the additional arguments

---

1. 5 U.S.C. § 7701(a) (1982). *See Cowan v. United States,* 710 F.2d 803, 805 (Fed.Cir.1983).

2. 5 C.F.R. § 1201.56(a)(2) (1987).

3. 5 C.F.R. § 315.806.

4. 38 U.S.C. § 2014(b)(1)(D) (Supp. III 1985); 5 C.F.R. § 307.105(b).

5. 5 C.F.R. § 353.401.

6. 5 U.S.C. §§ 7511(a)(1)(B), 8101, 8151 (1982) and 5 C.F.R. pt. 353. The statute and the regulations speak only in terms of an employee sepa-

rated because of a compensable injury. Board decisions have added the phrase "or for reasons substantially related to a compensable injury." We do not decide here whether this is a proper interpretation, but we accept its use for purposes of this case. *See Minor v. Merit Sys. Protection Bd.,* 819 F.2d 280, 282 n. 3 (Fed.Cir. 1987).

7. 31 M.S.P.R. 369 (1986). This case was affirmed by this court in *Minor v. Merit Sys. Protection Bd.,* 819 F.2d 280 (Fed.Cir.1987). The correct spelling of the petitioner's name is "Minor," and we will use this spelling in our opinion.

made to the OEEO since they were submitted to the board, in this case it led to an erroneous conclusion that the board did not have jurisdiction of this appeal. It is true that most of the OEEO complaint dealt with allegations of improper training and that these charges were repeated in Roche's argument to the board in support of jurisdiction. However, the correct inquiry is not what the "main thrust" of his argument was but, rather, whether he sufficiently alleged that his removal was due to, or for reasons substantially related to, a compensable injury. Whatever the "main thrust" of his argument was, if in addition he made a nonfrivolous claim that his removal was the result of his compensable injury, then Roche is entitled to a hearing on jurisdiction.

■ Pro se petitioners are not expected to frame issues with the precision of a common law pleading. Roche has not just raised a justiciable issue in language which may be so read as to constitute a sufficient allegation; the allegation fairly leaps off the pages of his submissions. Our review of his submission on the jurisdiction question reveals that he was clearly alleging that his case fell within the board's regulation regarding restoration after recovery from a compensable injury and the board's cases interpreting that regulation. Roche cited the relevant statute and regulation in his argument, as well as citing and explaining several of the board's prior cases involving that regulation. This argument, combined with his submission of the doctor's report listing his physical restrictions at the time of his return to light duty, is sufficient to allege that he was removed because of his injury. Indeed, on the first page of his submission Roche stated that

> [h]is separation, two and one half (2½) weeks after returning to his employment as a partially recovered employee to work on light duty, was substantially related to his injury. Therefore, appellant seeks jurisdiction at 5 U.S.C. § 8151(b)(1); and 5 C.F.R. § 353.103[.] *Ruppert v. U.S. Postal Service,* [8 M.S. P.B. 256] 8 M.S.P.R. 593; *McKoy v. Department of Army,* M.S.P.B. 1984, 18 M.S.P.R. 636.

Roche's argument clearly put the board on notice of the reason why he thought the board had jurisdiction, and the doctor's report supported his argument. Thus, he presented a nonfrivolous allegation of jurisdiction.

### Conclusion

The board erred in holding that Roche had not sufficiently alleged that his removal was substantially related to a compensable injury. We vacate the board's decision and remand the case to the board for a hearing on the jurisdictional issue.

VACATED AND REMANDED.