965 F.2d 1063
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald E. KASTLE, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-3087.
 United States Court of Appeals, Federal Circuit.
 April 3, 1992.
 
 Before NIES, Chief Judge, PAULINE NEWMAN and RADER, Circuit Judges.
 DECISION
 NIES, Chief Judge.
 
 
 1
 Donald E. Kastle, a probationary employee, appeals from the decision of the Merit System Protection Board in Docket No. DE03539010369, dismissing his appeal for lack of jurisdiction, which became final when the full Board denied his Petition for Reconsideration on Nov. 13, 1990. We affirm.
 
 DISCUSSION
 
 2
 Kastle could not appeal his removal to the board because he was terminated during his probationary period. 5 C.F.R. § 315.806. However, he could appeal the denial of restoration rights if he could show that his removal was the result of (or possibly substantially related to) a compensable on the job injury. Roche v. United States Postal Service, 828 F.2d 1555, 1557 (Fed.Cir.1987).
 
 
 3
 It is unclear whether or not Kastle was restored to position after his March 6, 1990, injury. However that may be, Kastle had the burden to prove that, without consideration of the time he took off in connection with the compensable injury, the agency would not have removed him for unreliability due to excessive absences from work. Given his record of leave taken before March 6, Kastle could not convince the Board and has not persuaded us that the agency could not reasonably have decided to dismiss Kastle because of his absences before March 6. There is simply no evidence that the agency action was taken for a pretextual reason. Under such circumstances, we hold that the board properly dismissed Kastle's appeal for lack of jurisdiction.