980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Winston BEVERLY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3400.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1992.
 
 Before RICH, ARCHER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Winston Beverly appeals from the July 23, 1991 Initial Decision of the Administrative Judge (AJ), dismissing Mr. Beverly's appeal for lack of jurisdiction, Docket No. PHO7529110526, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on March 16, 1992. We affirm.
 
 DISCUSSION
 
 2
 We are not persuaded that the AJ erred in dismissing Beverly's appeal for lack of jurisdiction. The Board's jurisdiction is limited to those actions made appealable to it by law, rule, or regulation. 5 USC §§ 1204(a)(1), 7701(a); Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987).
 
 
 3
 On November 30, 1990, the Department of the Navy (the Navy) removed Beverly from his position as a Security Guard, on the ground that he allegedly threatened another employee with bodily harm. Beverly appealed his removal to the Board on February 11, 1991, but later agreed with the Navy to allow the AJ to dismiss his appeal without prejudice for 60 days, so that he could pursue applications for disability retirement and/or worker's compensation benefits. On April 15, 1992, having not received any decisions regarding his retirement and worker's compensation applications, Beverly timely refiled his appeal to the Board. In a prehearing conference, Beverly stated that he would withdraw his appeal once he received confirmation that his application for disability retirement had been approved. However, on June 18, 1991, Beverly informed the AJ that he would not withdraw his appeal, because the retirement benefits that he had received were much lower than expected.
 
 
 4
 Subsequently, in view of Beverly's eligibility for disability retirement, the Navy completely rescinded the original removal action against Beverly. The Navy submitted to the AJ an SF-50, a Notification of Personnel Action, to substantiate its claim that it had completely rescinded the original removal action. The Navy also submitted to the AJ an SF-50 evidencing that the Navy had retroactively granted Beverly an effective disability retirement date of November 30, 1990, the date on which the Navy had initially removed Beverly.
 
 
 5
 In view of the foregoing, the Navy moved to dismiss Beverly's appeal for lack of jurisdiction on the ground that there was no longer any issue for decision before the Board. During a prehearing conference on July 22, 1991, Beverly agreed that the appeal should be dismissed. Consequently, the AJ issued his decision on July 23, 1991, finding that, because the Navy had completely rescinded the removal action, the Board lacked jurisdiction over the appeal. On August 8, 1991, Beverly filed a petition for review of this decision, which the Board denied for failing to meet the criteria for review set forth at 5 C.F.R. § 1201.115(c) (1992).
 
 
 6
 Under the foregoing circumstances, we cannot say that the Board's determination that it lacked jurisdiction over Beverly's appeal was in error. The Navy completely rescinded the removal action upon which Beverly's original petition and subsequest appeal were based. In lieu thereof, the Navy retroactively substituted the disability retirement, that Beverly had voluntarily requested and received from OPM, for the initial removal action. Thus, the Board properly dismissed Beverly's appeal for lack of jurisdiction. See Eusty v. Department of Army, 45 M.S.P.R. 24, (1990).