39 F.3d 1197
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul W. BOYLES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3327.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1994.
 
 Before PLAGER, SKELTON, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul Boyles appeals a decision of the Merit Systems Protection Board (Board) dismissing for lack of jurisdiction Dr. Boyles' appeal of his removal from the position of Physician, Chief-08, with the Veterans Affairs Medical Center (VAMC) in Salisbury, North Carolina. We affirm.
 
 BACKGROUND
 
 2
 On July 24, 1992, the Salisbury VAMC granted Dr. Boyles a temporary (13-month) excepted position as a staff physician. Dr. Boyles had previously served in various veterans hospitals between 1955 and 1965 and 1967-72.[1] On November 6, 1992, the VAMC converted Dr. Boyles' position to a permanent excepted appointment as Physician, chief grade, step 8, subject to a two-year probationary period beginning November 15, 1992.
 
 
 3
 The agency informed Dr. Boyles by letter dated November 12, 1993, that he would be removed from his position. The agency sent a second letter on December 7, 1993, informing Dr. Boyles that he would be terminated effective December 10. Both letters advised Dr. Boyles that he could appeal his removal to the Board on the grounds that his removal was based on discrimination, partisan political reasons or marital status.
 
 
 4
 Dr. Boyles appealed his removal to the Board, alleging that the VAMC had relied on defamatory and false reports in terminating him, had retaliated against him for whistleblowing, and had discriminated against him based on his age and physical handicap. The Administrative Judge (AJ) instructed Dr. Boyles to demonstrate that the Board had jurisdiction over his appeal. Dr. Boyles asserted that that he was entitled to appeal under 5 U.S.C. Sec. 4303(e)(3), which deals with adverse personnel actions based on unacceptable performance. That section provides that an employee in the excepted service and covered by subchapter II of chapter 75, who has been removed, may appeal to the Board under 5 U.S.C. Sec. 7701. 5 U.S.C. Sec. 4303(e)(3) (Supp.1994). Subchapter II, which deals with adverse actions generally, defines in Sec. 7511 who is an "employee" covered by Subchapter II. Subsection (a)(1)(C) of Sec. 7511 limits individuals in the excepted service who are "employees" to two categories, the second of which is an individual "who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. Sec. 7511(a)(1)(C)(ii) (Supp.1994). Dr. Boyles stated that he had completed two years of current continuous service in the same or similar positions in an Executive Agency other than a temporary appointment limited to two years or less, and listed his positions in several Veterans' Administration hospitals over the years.
 
 
 5
 The AJ found that 5 U.S.C. Sec. 7511(b)(10) expressly excluded individuals with the Veterans Health Administration under the circumstances of Dr. Boyles, from the category of "employees" who are entitled to appeal adverse personnel actions to the Board under 5 U.S.C. Sec. 7701. The AJ noted that even if Dr. Boyles were not excluded by Sec. 7511(b)(10), he did not make a nonfrivolous allegation that he had completed two years of "current continuous service," given the break in service between 1972 and his most recent service.[2]
 
 
 6
 Dr. Boyles did not file a petition for review of the AJ's decision by the Board, and the AJ's decision became the final decision of the Board. See 5 C.F.R. Sec. 1201.113 (1994). This appeal followed.
 
 STANDARD OF REVIEW
 
 7
 On appeal, our task is to determine whether the Board's decision is
 
 
 8
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 9
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 10
 (3) unsupported by substantial evidence....
 
 
 11
 5 U.S.C. Sec. 7703(c) (1988); see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 DISCUSSION
 
 12
 The Board correctly determined that it lacked jurisdiction over Dr. Boyles' appeal. The Board's jurisdiction is limited to those actions specifically made appealable to it by statute or regulation. Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987). Section 4303(e)(3), on which Dr. Boyles relied below for Board jurisdiction, requires that the individual seeking appeal be an employee covered under subchapter II of Chapter 75.[3] Section 7511(b) of Title 5 lists certain employees who are not covered by subchapter II, including persons who hold "a position within the Veterans Health Administration which has been excluded from the competitive service by or under a provision of title 38(.)" 5 U.S.C. Sec. 7511(b)(10) (Supp.1994).[4] Dr. Boyles' excepted position as Physician, Chief-08 at the Salisbury VAMC comes squarely within Sec. 7511(b)(10). See 38 U.S.C. Secs. 7401(1), 7403(a) (1991). Accordingly, Dr. Boyles is not covered by subchapter II of chapter 75 and cannot appeal his removal to the Board under 5 U.S.C. Sec. 4303(e)(3).
 
 
 13
 Moreover, we agree with the Board that even if Dr. Boyles were not expressly excluded from coverage under subchapter II by Sec. 7511(b)(10), Dr. Boyles has not completed two years of "current continuous service" in the same or similar positions with the agency, and thus does not come within the definition of "employee" in 5 U.S.C. sec. 7511(a)(1)(C)(ii). Dr. Boyles served in his permanent excepted position between November 15, 1992 and December 10, 1993, or 11 months.[5] Dr. Boyles' most recent prior service ended in 1972, twenty years before his appointment at the Salisbury VAMC, and cannot reasonably be considered part of a "current continuous service." Accordingly, Dr. Boyles has not completed two years of current continuous service and is not an "employee" as defined in 5 U.S.C. sec. 7511(a)(1)(C). See 5 C.F.R. Sec. 752.402(b) (defining current continuous service as period of employment without break of a workday); Federal Personnel Manual Supplement 752-1, Subchapter S2-3a(3) (Oct. 11, 1976) (same).
 
 
 14
 Dr. Boyles asserts that Board jurisdiction is established under 5 C.F.R. Secs. 1201.3(a)(2) and (8). These provisions list certain personnel actions which may be appealed to the Board "when the appeals are authorized by law, rule, or regulation." 5 C.F.R. Secs. 1201.3(a) (1994). They are not an independent grant of jurisdiction where, as here, there is no statutory right of appeal.
 
 
 15
 Dr. Boyles also appears to assert that 5 C.F.R. Secs. 1201.119 and 1201.151 authorize Board review. As with Secs. 1201.3(a)(2) and (8), however, Sec. 1201.151 applies only to personnel actions which are statutorily appealable to the Board. Section 1201.119 applies to this court's review, not the Board's, and we are without jurisdiction to review an appeal over which the Board lacks jurisdiction.[6]
 
 CONCLUSION
 
 16
 Because Dr. Boyles has not met his burden of proving that the Board had jurisdiction over his appeal, 5 C.F.R. Sec. 120.56(a)(2), we conclude that the Board's dismissal for lack of jurisdiction was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. Accordingly, we affirm.
 
 COSTS
 
 17
 Each party to bear its own costs.
 
 
 
 [1]
 Although the Board's opinion states that Dr. Boyles served from 1968-72, Dr. Boyles' jurisdictional allegations indicate service from 1967-72
 
 
 [2]
 The ALJ further found that it lacked jurisdiction over Dr. Boyles' whistleblower claim, because Dr. Boyles did not first seek corrective action from the Office of Special Counsel. Because Dr. Boyles has not challenged this portion of the AJ's decision on appeal, we do not address it
 
 
 [3]
 Title 5 U.S.C. Sec. 7513(d) similarly provides that "an employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title." 5 U.S.C. Sec. 7513(d) (1980) (emphasis added)
 
 
 [4]
 An exception to this exclusion, not applicable here, is provided for psychologists and therapists appointed under 38 U.S.C. Sec. 7401(3). 5 U.S.C. Sec. 7511(b)(10) (Supp.1994)
 
 
 [5]
 Dr. Boyles' service in his temporary excepted appointment between July 24, 1992 and November 15, 1992 cannot be tacked onto his permanent service for the purpose of determining whether he meets the two year requirement. 58 F.R. 13191 (Mar. 10, 1993) (final rule; employment in temporary appointment limited to two years or less not counted toward two-year current continuous service requirement)
 
 
 [6]
 In its November 12, 1993 and December 7, 1993 letters informing Dr. Boyles of his termination, the agency erroneously advised Dr. Boyles that he could appeal his removal to the Board on certain limited grounds. As the Board correctly noted, this erroneous advice did not and could not confer jurisdiction on the Board