77 F.3d 503
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul L. MAHONEY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3749.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1996.
 
 Before ARCHER, Chief Judge, PLAGER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Paul L. Mahoney petitions for review of a decision of the Merit Systems Protection Board in Docket No. DA-0752-95-0413-I-1, dismissing his appeal for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 Mahoney was hired by the Postal Service on September 3, 1994, as a motor vehicle operator. His 90-day probation period was to run through December 1. Following an accident that resulted in an on-the-job injury to his hand on October 12, 1994, Mahoney was placed on administrative leave and then on continuation-of-pay leave. On November 1, 1994, Mahoney returned to light duty work, and on November 14 he resumed his full duties for the Postal Service. In a November 21 meeting, Mahoney was asked to resign and be rehired so that his probationary period would run through February 23, 1995. Mahoney resigned and was then rehired on November 26. On January 21, 1995, Mahoney was involved in an accident involving a Postal Service motor vehicle he was operating. An accident investigation precipitated a request from the Postal Service that Mahoney resign, which he did on January 26, 1995.
 
 
 3
 Mahoney appealed to the Board, alleging that both his November 21 and January 26 resignations were involuntary and thus tantamount to a removal. The administrative judge found that the Board lacked jurisdiction. First, the administrative judge noted that because Mahoney did not have one year's continuous service, a removal by the Postal Service was not appealable to the Board. See 5 U.S.C. § 7511(a)(1)(B)(ii). The administrative judge then addressed Mahoney's attempt to invoke the Board's jurisdiction under 5 C.F.R. § 353.401 (1994). That regulation allows employees to appeal to the Board when they have fully recovered from compensable injuries but have been denied proper job restoration under 5 U.S.C. § 8151, which provides that when an employee has recovered from a compensable job-related injury, his agency must immediately and unconditionally restore him to his former job or an equivalent position. The administrative judge found that the Board lacked jurisdiction under that theory because Mahoney was restored to full duty a week before his separation on November 21, 1994, and thus failed to show he was denied restoration rights.
 
 DISCUSSION
 
 4
 Although Mahoney admits that he was restored to full duty on November 14, one week before his first separation from the Postal Service, he nevertheless asserts that he was not granted full and unconditional restoration, because he was thereafter requested to resign so that when he was rehired he would have a new 90-day probation period. He argues that if he had not been asked to resign on November 21, his probation period would have ended before the January 26 accident that led to his second requested resignation. If the second requested resignation had occurred after the end of his probation period, Mahoney would have been entitled to the rights afforded employees who have completed their probation period and are faced with adverse agency action, rather than to the fewer protections afforded probationary employees.
 
 
 5
 The administrative judge correctly held that Mahoney was fully restored to his position with the Postal Service after recovering from his injury. While he was recovering, Mahoney was given leave and then light duty. Once he had fully recovered, he was returned to full-duty status in his former position.
 
 
 6
 The Postal Service's November 21 request that Mahoney resign and be rehired did not constitute a refusal to restore him to his former position, but instead reflected an agency determination that his probation period should be extended for an additional 90 days. It is undisputed that the Postal Service was concerned about Mahoney's safety record during his probation period, as indicated in his second probation report. Because of the need "to determine an employee's ability to actually perform the duties of the position," agencies have wide latitude in personnel decisions affecting employees in their probationary periods. See S.Rep. No. 969, 95th Cong., 2d Sess. 45 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 2723, at 2767 (explaining the rationale for 5 U.S.C. § 4303(f)(2), which denies probationary employees the right to appeal adverse agency actions to the Board). In light of that policy, we cannot agree that extending the probation period of an employee who has not yet satisfied the Postal Service that he can safely perform his duties is tantamount to a refusal to restore the employee, fully and unconditionally, to his pre-injury position.
 
 
 7
 Mahoney also argues that the administrative judge should have granted him a hearing before deciding the jurisdictional issue against him. He asserts that his case is governed by Roche v. United States Postal Serv., 828 F.2d 1555 (Fed.Cir.1987), in which this Court remanded a case to the Board for an evidentiary hearing to determine if the employee could show that his removal was the result of a compensable injury. In Roche, however, there was a factual dispute about whether the removal of the employee was motivated by his injury or was the result of permissible factors. In this case, by contrast, there were no material facts in dispute relating to the jurisdictional issue. The administrative judge therefore correctly determined, on the basis of undisputed material facts, that the Board did not have jurisdiction over Mahoney's claim.