NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3171

ERICA S. NELSON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: October 3, 2006

_____

Before BRYSON, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

## DECISION

Erica S. Nelson petitions this court for review of a decision of the Merit Systems Protection Board, Docket No. AT-0353-05-0380-I-1, denying her request for restoration to duty in her position with the Postal Service. Because we agree with the Board's determination that Ms. Nelson was terminated for cause, we conclude that she has not shown she is entitled to restoration to duty. We therefore <u>affirm</u> the decision of the Board.

BACKGROUND

On October 13, 2004, Ms. Nelson began duty as a Part-Time Flexible City Carrier for the United States Postal Service. As a probationary employee, she was required to complete a 90-day probationary period, during which she would receive periodic performance evaluations.

Following two weeks of training, Ms. Nelson reported to a Postal Service facility in Brunswick, Georgia, where her supervisor, Belinda Hardee, assigned her to an auxiliary postal route. On November 19, 2004, Ms. Nelson received a 30-day evaluation. In that first evaluation, Ms. Hardee rated Ms. Nelson as "satisfactory" in five of six categories, but deemed her performance as "unsatisfactory" in the category of "Work Quantity."

On December 9, 2004, Ms. Nelson was involved in a motor vehicle accident with another postal vehicle and sustained an injury to her right hand. Ms. Nelson was granted two days off and returned on December 13, 2004. The following day, Ms. Nelson received her 60-day evaluation. In that second evaluation, Ms. Hardee rated Ms. Nelson "unsatisfactory" in four categories, including "Work Quantity," "Dependability," "Work Relations," and "Personal Conduct." Concluding that Ms. Nelson had "Fail[ed] to Meet Probation Standards," Ms. Hardee issued a notice of termination, effective December 14, 2004.

In that letter, Ms. Hardee stated that Ms. Nelson's "measured performance does not meet measurement standards for the city carrier craft" and "does not meet proficiency standards established by the Postal Service." Ms. Hardee explained that Ms. Nelson's 30- and 60-day evaluations indicated that she had "not demonstrated

2006-3171                                    2

acceptable levels of performance in 4 of the 6 skill factors." Ms. Hardee also noted that on December 7, Ms. Nelson had complained about a change to her scheduled assignment. Ms. Hardee stated that the incident "demonstrates unwillingness to be flexible, even though flexibility is a key element of this position."

Ms. Nelson subsequently filed an appeal with the Merit Systems Protection Board, alleging that the agency had denied her request for restoration to duty following her full recovery from a compensable injury. The administrative judge assigned to the case conducted a hearing and concluded that Ms. Nelson failed to show that she is entitled to restoration to duty.

The administrative judge noted that Ms. Nelson bore the burden of establishing that her termination was "substantially related to her compensable injury." Citing our decision in Cox v. Merit Systems Protection Board, 817 F.2d 100, 101 (Fed. Cir. 1987), the administrative judge stated that "[by] definition, separation as a result of a compensable injury excludes a valid removal for cause unrelated to the employee's compensable injury." (emphasis in original). The administrative judge explained that "the employee must show that no cause aside from the compensable injury precipitated the termination."

The administrative judge then reviewed the testimony of Ms. Nelson, Ms. Hardee, and Ernest Caine, a carrier/technician at the Brunswick, Georgia, facility, as well as exhibits submitted by both parties. The administrative judge stated that he found Ms. Nelson's testimony to be "less than credible" because her responses were "rambling," "evasive," "inconsistent," and "self-serving." In particular, he noted that her

"constant evasiveness detracted from her credibility" and that "her bias . . . similarly detracted from her credibility."

In contrast, the administrative judge found Ms. Hardee's testimony to be "completely consistent with the record and credible." He explained that he did not discern, and Ms. Nelson "failed to establish[,] any motive for Ms. Hardee to fabricate her testimony with respect to her treatment of [Ms. Nelson] . . . or in terms of the nature of [Ms. Nelson's] performance and conduct problems."

The administrative judge also found that "the record clearly establishes that the agency had raised concerns about [Ms. Nelson's] performance and conduct prior to the appellant's compensable injury on December 9, 2004." Citing specific "Workhour Workload Report[s]," the administrative judge observed that the "record is replete with evidence of [Ms. Nelson's] substandard casing speed." In particular, he noted that the report for the rating period of November 19, 2004, to December 11, 2004, "shows that [Ms. Nelson's] casing speed/office time was below the minimum standard every day of the rating period but one prior to the date of her compensable injury."

The administrative judge further noted that "Ms. Hardee credibly testified, and [Ms. Nelson] did not dispute," that two days prior to the compensable injury, Ms. Hardee and Ms. Nelson had a confrontation over the decision to reassign Ms. Nelson's route. The administrative judge thus found that concerns about Ms. Nelson's "bad attitude" and unwillingness to be flexible had arisen prior to the date of her injury.

As a result, the administrative judge concluded that the agency had clearly established a basis for its termination action "that was rooted in [Ms. Nelson's] performance long before [her] compensable injury occurred." Because Ms. Nelson had

"failed to show that there was no valid cause aside from the injury that precipitated the agency's action," the administrative judge ruled that she was not entitled to restoration to duty.

When the full Board denied Ms. Nelson's petition for review, the administrative judge's initial decision became the final decision of the Board. Ms. Nelson now seeks review by this court.

DISCUSSION

Ms. Nelson argues that the administrative judge applied an incorrect standard under 5 C.F.R. § 353.301 because he improperly relied on this court's decisions in Walley v. Department of Veterans Affairs, 279 F.3d 1010 (Fed. Cir. 2002), and New v. Department of Veterans Affairs, 142 F.3d 1259 (Fed. Cir. 1998). According to Ms. Nelson, those cases, which require the employee to show that the separation is "solely attributable to the compensable injury," Walley, 279 F.3d at 1016 n.6, are distinguishable because they involve employees who were either partially recovered (Walley) or fully recovered after more than one year (New). In contrast, Ms. Nelson asserts that she is an employee who recovered fully within one year and that a different standard applies in her situation.

In making that argument, Ms. Nelson overlooks the fact that an employee who recovers from a compensable injury, whether partially or fully, within one year or after one year, is not immune from separation for cause. Under 5 C.F.R. § 353.108, "separation for cause that is substantially unrelated to the injury . . . negates restoration rights." Moreover, as we explained in Cox v. Merit Systems Protection Board, and as noted by the administrative judge, "[by] definition, separation as a result of a

compensable injury excludes a valid removal for cause unrelated to the employee's compensable injury." 817 F.2d 100, 101 (Fed. Cir. 1987). Consequently, the administrative judge appropriately required Ms. Nelson to establish that she was not terminated for a reason substantially unrelated to her injury. Because the administrative judge found that the termination action "was rooted in [Ms. Nelson's] performance long before [her] compensable injury occurred," the administrative judge did not err in denying her request for restoration.

Ms. Nelson argues that four cases, Raicovich v. United States Postal Service, 675 F.2d 417 (D.C. Cir. 1982); Ruppert v. United States Postal Service, 8 M.S.P.R. 593 (1981); Rishavy v. United States Postal Service, 35 M.S.P.R. 528 (1987); and Roche v. United States Postal Service, 828 F.2d 1555 (Fed. Cir. 1987), stand for the proposition that "unsatisfactory performance does not preclude restoration." Those cases, however, do not support her request for restoration.

In Raicovich, the court's decision to reinstate Raicovich was based on the government's concession that he "could not have been dismissed at the time of his injury on the basis of the three disciplinary incidents." 675 F.2d at 424 n.7. Unlike in Ms. Nelson's case, Raicovich's previous misconduct did not rise to a level requiring removal, and reinstatement was granted because separation was not for cause. Raicovich therefore does not assist Ms. Nelson, who was found to have been terminated for cause.

Similarly, in Ruppert the Board found that there was a relationship between Ruppert's injury and the reason for his separation, and that "the separation indisputably would not have occurred in the manner that it did had [Ruppert] not been injured."

Ruppert, 8 M.S.P.R. at 596. Consequently, Ruppert also does not apply to Ms. Nelson's situation.

Rishavy and Roche are entirely inapposite. Rishavy merely addressed the question whether restoration rights are applicable to employees serving in probationary status, an issue that is not in dispute in Ms. Nelson's case. See 35 M.S.P.R. at 531. And Roche dealt only with the question of jurisdiction; that is, "whether Roche sufficiently alleged that he was removed due to a compensable injury." 828 F.2d at 1557 (remanded to the Board "for a hearing on the jurisdictional issue"). Here, that question is not at issue; the administrative judge expressly found that Ms. Nelson had made a nonfrivolous allegation of jurisdiction. Ms. Nelson's reliance on Raicovich, Ruppert, Rishavy, and Roche is therefore misplaced.

Although Ms. Nelson argues that the administrative judge erred in discrediting her testimony, we have consistently held that the "evaluation of witness credibility is a matter within the discretion of the [administrative judge] and is 'virtually unreviewable.'" Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (quoting King v. Dep't of Health and Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998)); see also Clark v. Dep't of the Army, 997 F.2d 1466, 1473 (Fed. Cir. 1993). We therefore defer to the administrative judge's findings on witness credibility.

Ms. Nelson further argues that the administrative judge erred in conducting a hearing. Noting that she declined a hearing on her appeal form to the Board, Ms. Nelson asserts that she is entitled to a decision based only on the written record. For support, she cites Grimes v. General Services Administration, in which the Board stated

that "[a] hearing with live witnesses should never be forced upon an employee who has forfeited or abandoned his right to a hearing." 84 M.S.P.R. 244, 248 (1999).

In making that argument, Ms. Nelson fails to acknowledge that the administrative judge reviewed the written record and concluded that the "record clearly establishes that the agency had raised concerns about [Ms. Nelson's] performance and conduct prior to [her] compensable injury on December 9, 2004." In fact, the administrative judge expressly found that "the record is replete with evidence of [Ms. Nelson's] substandard casing speed" and described specific examples from the "Workhour Workload Report[s]." Thus, even if the administrative judge had based his decision upon the written record alone, the case would not have come out differently. Ms. Nelson therefore did not suffer any prejudice as a result of the administrative judge's action in holding a hearing in her case. Accordingly, we uphold the Board's decision.