# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEROY STINSON,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE ARMY,
　　　　　　Agency.

DOCKET NUMBER
AT-0752-13-5137-I-1

DATE: February 26, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Leroy Stinson, Cusseta, Georgia, pro se.

Anne M. Norfolk, Fort Benning, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision's determination that the agency proved by preponderant evidence that its action

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

promoted the efficiency of the service, AFFIRM all other findings in the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant is a Maintenance Mechanic at the agency's Fort Benning Martin Army Community Hospital. *See* Initial Appeal File (IAF), Tab 1 at 1. On May 28, 2013, the agency sent him a notice of proposed furlough, citing the budget cuts required by the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012. *Id*. at 17-18. The notice proposed furloughing full-time employees, such as the appellant, up to 11 days. *Id*. at 18. On June 10, 2013, the agency issued a decision, upholding the proposed furlough.[2] *Id*. at 15-16.

¶3    The appellant appealed his furlough to the Board. *Id*. at 1-5. The administrative judge consolidated his appeal with a number of others that the judge deemed similarly situated. *See* CAF, Tab 1 at 1-2. After holding a hearing, the administrative judge upheld the furloughs. CAF, Tab 10, Initial Decision (ID). The appellant has filed a petition for review.[3] PFR File, Tab 1. The agency has filed a response. PFR File, Tab 3.

---

[2] The agency's proposal and decision both authorized up to 11 furlough days, but the agency later determined that employees such as the appellant would only be subject to 6 furlough days. *See* MSPB Docket No. AT-0752-14-0200-I-1, Consolidated Appeal File (CAF), Tab 2 at 9-10.

[3] In part, the appellant's petition appears to argue on behalf of all employees at Martin Army Community Hospital that were furloughed, even those who did not file a Board appeal. *See* Petition for Review (PFR) File, Tab 1 at 3-5, 7-8. However, we have considered his petition only to the extent that it presents arguments as to his own furlough. This decision will not adjudicate the furlough of any other employees at Martin Army Community Hospital.

<u>The administrative judge properly found that furloughs were a reasonable management solution to significant budget cuts.</u>

¶4      Given the appellant's pro se status, we have construed his petition for review as challenging the initial decision to the extent that it affirmed his furlough and found no evidence that he was treated disparately. *See* IAF, Tab 1 at 2 (alleging that the agency treated employees disparately in regard to the furlough); *see generally* PFR File, Tab 1; *Roche v. U.S. Postal Service*, 828 F.2d 1555, 1558 (Fed. Cir. 1987) (a pro se appellant's pleading should be construed liberally).

¶5      The agency bore the burden of proving that the appellant's furlough promoted the efficiency of the service. *See Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). An agency satisfies this standard in a furlough appeal by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a "fair and even manner." *Id*. This does not mean that the agency is required to apply the furlough in such a way as to satisfy the Board's sense of equity. *Id*. Rather, it means that the agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons. *Id*. Which employees are similarly situated for purposes of an adverse action furlough will be decided on a case-by-case basis, but the Board will be guided by reduction in force principles in making that determination. *Id*. The Board's efficiency of the service determination does not encompass agency spending decisions per se, including spending on personnel matters, nor does it encompass an agency's decision to allocate furlough days in a certain manner among employees who are not similarly situated. *Id*., ¶ 9.

¶6      Here, the appellant did not dispute below that furloughs were a reasonable management solution to significant budget cuts, and we decline to disturb the administrative judge's well-reasoned finding that the agency met this burden. ID

at 3-4. Instead, the appellant alleged that the agency treated employees disparately. *See* IAF, Tab 1 at 2. As set forth more fully below in our discussion of the appellant's motion to compel discovery, we remand this appeal for further adjudication on this issue.

<u>The administrative judge acted within his discretion by disallowing two of the appellant's witnesses and excluding much of the evidence the appellant submitted.</u>

¶7        The appellant argues that the administrative judge erred in denying his request to call the Director of Human Resources, S.R., and a Practical Nurse, D.L., as witnesses to the hearing. *See* PFR File, Tab 1 at 2-3; *see also* IAF, Tab 10 at 2 (proposed witness list); CAF, Tab 6 at 5 (denying the appellant's request to call S.R. and D.L.). In addition, he argues that the administrative judge erred in excluding much of the evidence he submitted. *See* PFR File, Tab 1 at 6; *see also* IAF, Tab 10 (the appellant's submission of evidence); CAF, Tab 6 at 5-6 (decision to exclude much of the appellant's evidence as irrelevant or redundant). We disagree.

¶8        An administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985); 5 C.F.R. § 1201.41(b)(8), (10). To obtain reversal of an initial decision on these grounds, the petitioning party must show on review that a relevant witness or evidence, which could have affected the outcome, was disallowed. *See Thomas*, 116 M.S.P.R. 453, ¶ 4.

¶9        In his proposed witness list, the appellant indicated that he wished to call S.R. because she was the point of contact for replies to the furlough proposal and she was the person in charge of maintaining the agency's case file. IAF, Tab 10 at 2. On review, the appellant lists several additional topics on which S.R. may have been able to provide testimony. PFR File, Tab 1 at 2-3 (listing topics as

including due process concerns; the purported call back of some furloughed employees for 1 day; whether overtime was utilized in any departments to ease the financial hardship of the furlough; and whether any new personnel were furloughed).

¶10      Even if we were to consider all the topics the appellant has now identified, we are not persuaded that the testimony of S.R. was relevant, material, and nonrepetitious in light of her position as compared to those who were approved to testify. According to the appellant, the office of S.R. prepared the furlough documents and served as a point of contact. IAF, Tab 10 at 2. By comparison, witnesses approved for the hearing included the deciding official for the furloughs, C.L., and another witness who the appellant described as responsible for the administration of the furloughs in a fair and consistent manner, C.A.[4] *See id.*; CAF, Tab 6 at 5 (approving three agency officials requested by the appellant to testify, including C.L. and C.A.).

¶11      As to proposed witness D.L., the appellant seems to suggest that she was a Nurse, similarly situated to several others who were exempted from the furlough. *See* IAF, Tab 10 at 2; *see also* PFR File, Tab 1 at 3. However, the appellant has provided no indication that D.L. was relevant to his own furlough. Instead, it appears that the appellant wished to call D.L. to present an argument that she was unfairly furloughed as compared to some of her colleagues. *See* IAF, Tab 10 at 2; *see also* PFR File, Tab 1 at 3; IAF, Tab 10, Subtab P (list of individuals exempt from furlough, including some Nurses).

¶12      Finally, as to the evidence the appellant wished to submit for the record but the administrative judge excluded, the appellant presented no substantive argument as to how it could have affected the outcome of his appeal. Instead, the

---

[4] Although the appellant requested the latter as a witness, IAF, Tab 10 at 2, the administrative judge approved him as a witness, CAF, Tab 6 at 5, and he appeared at the hearing to testify, the appellant declined to call him when given the opportunity, *see* Hearing Compact Diskette (HCD).

appellant merely asserted that the judge disallowed it without giving him the opportunity to explain its relevance. PFR File, Tab 1 at 6. Examples of the excluded evidence include photos of signs outside the hospital where the appellant worked, IAF, Tab 10, Subtab A, the position description of a practical nurse, IAF, Tab 10, Subtab B, and an email about the possibility of winter weather that could impact commuters, IAF, Tab 10, Subtab C. The appellant's petition failed to explain, and we are unable to discern, how such evidence could have any relevance to the agency's furlough of the appellant, a Maintenance Mechanic. Moreover, he failed to demonstrate that any of the excluded evidence could have resulted in a different outcome below.

¶13    Based upon the above, we find that the appellant failed to demonstrate that the administrative judge exercised an abuse of discretion in disallowing S.R. and D.L. as witnesses and disallowing the majority of evidence he submitted. The appellant has not demonstrated that the witnesses or evidence was relevant, material, and nonrepetitious to his appeal.

The administrative judge should have granted the appellant's motion to compel as to discovery request no. 2.

¶14    The appellant asserts that the administrative judge erred in denying his motion to compel discovery as to requests nos. 1 & 2, pertaining to the hiring of new employees and overtime records.[5] *See* PFR File, Tab 1 at 5; *see also* IAF, Tab 2 at 3, 5 (discovery request and motion to compel), Tab 9 at 1 (administrative judge's denial of motion to compel as to requests nos. 1 & 2).

¶15    Discovery is the process by which a party may obtain relevant information from another person or a party that the other person or party has not otherwise provided. *Chandler*, 120 M.S.P.R. 163, ¶ 10; 5 C.F.R. § 1201.72(a). The scope of discovery includes both relevant information and information that appears

---

[5] The administrative judge also denied the appellant's motion to compel as to several other discovery requests. *See* IAF, Tab 9 at 1. However, we are limiting our scope of review to those addressed in the appellant's petition, requests nos. 1 & 2.

reasonably calculated to lead to the discovery of admissible evidence. *Chandler*, [120 M.S.P.R. 163](#), ¶ 10. What constitutes relevant information in discovery is to be liberally interpreted, and uncertainty should be resolved in favor of the movant absent any undue delay or hardship caused by such request. *Id*. Discoverable information is not without boundaries, however, and the requesting party must ultimately show that the information sought is relevant or is likely to lead to relevant evidence. *Id*. The Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *White v. Government Printing Office*, [108 M.S.P.R. 355](#), ¶ 9 (2008).

¶16        In *Chandler*, we found that information regarding the hiring of new employees following the announcement of a furlough pertained solely to the agency's discretionary spending decisions, and that it was not discoverable in a furlough appeal. *Chandler*, [120 M.S.P.R. 163](#), ¶¶ 12-14. Therefore, the administrative judge in this case properly denied the appellant's motion to compel discovery of the same with request no. 1. *See* IAF, Tab 9 at 1.

¶17        In *Chandler*, [120 M.S.P.R. 163](#), ¶ 12, the appellant sought "all records, discussion papers, documentation, e-mail, fax, post-it notes, etc." related to employees paid overtime since the time the agency announced its intention to conduct a furlough. The Board disagreed with the administrative judge's denial of this request, holding that "[a]lthough the agency's alleged decision to award certain employees overtime pay may be characterized as a spending decision as well, we find that it might also be relevant to whether the agency applied the furlough uniformly and consistently." *Id*., ¶¶ 13-14. The Board held that if the agency used overtime payments to relieve certain employees but not others of the financial consequences of the furlough, that may be sufficient to show that the furlough did not meet the efficiency of the service standard. *Id*., ¶ 14.

¶18        The motion to compel filed by the appellant, who is acting pro se, requested "the names, work area, and dates of all personnel that were allowed to perform

work outside their normal work hours from the July through September 2013 timeframe. Who granted the authority to perform this work and how [was] each individual compensated for this time?" IAF, Tab 2 at 3. We find that this request is narrower than, or at least as broad as, the request in *Chandler*. The appellant did not request "all records, discussion papers, documentation, e-mail, fax, post-it notes, etc." related to employees paid overtime, as the appellant did in *Chandler*, but merely sought what amounts to a listing of the names, work areas, and dates of those who worked overtime, as well as who granted the overtime and how each individual was compensated. Accordingly, consistent with *Chandler*, we VACATE the initial decision's determination that the furlough action promoted the efficiency of the service because the agency applied its determination as to which employees to furlough in a fair and even manner, GRANT the motion to compel as to request no. 2, and REMAND for further proceedings because that discovery request sought relevant information under 5 C.F.R. § 1201.72(a).[6]

The Board will not address arguments the appellant made for the first time on review.

¶19    As we understand his petition, the appellant presents a number of new arguments that he failed to raise in his initial appeal. These arguments seem to include assertions that the agency may have committed harmful procedural error by failing to provide furloughed employees with the identity of those who were exempt from the furlough in the furlough notice, PFR File, Tab 1 at 3-4; the agency may have improperly utilized a contractor to perform work the appellant normally performs during one of the days on which he was furloughed, *id*. at 6; and the agency may have improperly recalled 22 individuals from their scheduled furloughs for 1 day, *id*. at 3, 5.

---

[6] Although the administrative judge denied the appellant's motion to compel request no. 2, he did permit the appellant to elicit testimony during the hearing as to whether any individuals were permitted to work overtime during the furlough. *See* HCD (testimony of C.L.).

¶20    The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980).  Below, the appellant failed to speak up when the administrative judge asked if any appellant was asserting harmful error.  *See* CAF, Tab 6 at 5 (prehearing conference notes indicating that no appellant asserted any affirmative defense, including harmful error, in response to the administrative judge's inquiry).  In addition, despite having the opportunity to elicit testimony from witnesses about the agency's purported use of a contractor to perform his work, he failed to do so.  *See* HCD.  Similarly, the appellant had the opportunity to elicit testimony about the 22 individuals purportedly recalled from the furlough for 1 day, from either C.L. or C.A., but he did not.[7]  *See id*.  Finally, the appellant failed to present arguments on any of these issues, either in his initial appeal form, a prehearing submission, or a closing brief.[8]

---

[7] During cross-examination, the appellant indicated that C.L. testified as to exempting 152 employees from the furlough, while the agency's list of exempted employees included 174 names.  *See* HCD; *see also* IAF, Tab 10, Subtab P.  However, C.L. responded by indicating that he had no information about the difference, and the appellant failed to elicit further testimony on the issue, testify himself about the issue, or present written argument about the issue.  *See* HCD.  The administrative judge's decision acknowledged the difference between the numbers, but found it immaterial.  ID at 5 n.6.  It seems likely that the appellant's argument that 22 individuals may have been improperly recalled is somehow related to the difference between the 152 employees exempted according to the deciding official and the 174 employees exempted according to the agency's documentation.  However, while the appellant identified the discrepancy when eliciting testimony from the deciding official, he presented no argument about how that discrepancy of 22 was relevant, if at all.

[8] At the hearing, the administrative judge concluded by leaving the record open until Friday, August 22, 2014, for closing briefs.  HCD.  The designated representative for all appellants other than the appellant currently before us submitted a closing brief, as did the agency.  CAF, Tabs 8-9.  In his petition, the appellant suggests that he did not file a closing brief because he was waiting for a written transcript of the hearing.  PFR File, Tab 1 at 7.  However, we find the administrative judge's instructions clear and

**ORDER**

¶21     Accordingly, we REMAND this appeal to the regional office for further adjudication consistent with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

---

unambiguous, without any indication that a transcript would be provided, or that the parties should wait on any such transcript before submitting their closing briefs.