NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3293

MAX J. GARCIA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  February 13, 2006

_____

Before LOURIE, RADER, and DYK, Circuit Judges.

PER CURIAM.

Max J. Garcia petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the decision by the Office of Personnel Management ("OPM") denying his application for a disability retirement annuity.  Garcia v. Office of Personnel Management, No. DE-831E-01-0029-M-1 (M.S.P.B. Jan. 27, 2004).  We affirm.

BACKGROUND

On September 30, 1999, Garcia retired from his position as a contracting officer for the National Park Service and applied for disability retirement benefits.  On March 12, 2000, OPM denied Garcia's disability retirement application, finding that he had not shown a deficiency in his performance at the time of

retirement sufficient to establish that he was disabled for useful service. Garcia requested reconsideration of OPM's decision, and OPM again denied his application. OPM noted that Garcia had received a within-grade increase one month prior to retirement and his supervisor did not specify any performance deficiencies that would affect his ability to perform in his position.

On October 18, 2000, Garcia appealed OPM's decision to the Board. In a December 27, 2001 initial decision, the administrative judge ("AJ") affirmed OPM's decision, holding that Garcia did not demonstrate by a preponderance of the evidence that he was entitled to a disability retirement annuity. The initial decision became final on November 26, 2002, when the full Board denied his petition for review. Garcia appealed that decision to this Court. On December 27, 2002, one month after the Board's decision, while Garcia's appeal to this court was pending, the DVA issued a rating decision on Garcia's disability and increased his cumulative disability rating from 70%, as determined on August 29, 2000, to 170%. In light of that new evidence, we vacated the Board's decision and remanded for consideration on the basis of the increased disability rating.

On remand, the AJ noted that in order for the increased disability rating to be relevant to Garcia's application for a disability retirement annuity there must be a "nexus" between the increased rating and Garcia's ability to perform useful service in his Federal civilian position. The AJ determined that Garcia failed to establish that "nexus," and that the increased rating was not relevant to Garcia's claim for a disability retirement annuity. The AJ observed that the medical conditions upon which OPM and the Board based their determinations were the

same as those considered by the DVA in determining Garcia's rating. The AJ further noted that although the disability rating changed, there was no change in Garcia's medical conditions as addressed by OPM. The AJ determined that the evidence was insufficient to prove by a preponderance of the evidence entitlement to a disability retirement annuity and affirmed the OPM's decision denying Garcia's disability claim.

The Board denied Garcia's petition for review, and the AJ's decision became the Board's final decision. See 5 C.F.R. § 1201.113(b). Garcia timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). We are precluded from reviewing the factual underpinnings of a decision by OPM concerning entitlement to a disability retirement annuity. Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985). Our review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like

error 'going to the heart of the administrative determination.'" Linhahl, 470 U.S. at 1971 (citation omitted).

On appeal, Garcia contends that the Board failed to follow our remand instructions because it did not take into account the increased rating. Garcia further asserts that in increasing the disability rating, the DVA confirmed his permanent and total disability and unemployability, and that the Board did not consider those new DVA determinations or their relevance. Garcia further contends that the Board and OPM ignored pertinent medical determinations by physicians.

The scope of our review is limited to whether, on remand, the Board considered the DVA's increased disability rating. We conclude that it did. On remand, the AJ acknowledged that the disability rating increased but found that the change in rating was not relevant to Garcia's application for a disability retirement annuity. The AJ noted that the medical conditions upon which the DVA made its increased rating determination were the same as those considered previously by OPM and the Board. The AJ determined that evidence presented on those medical conditions was insufficient to warrant entitlement to disability retirement annuity. The AJ therefore considered the increased disability rating, as it was required to do on remand, and concluded that it did not change OPM's conclusion.

To the extent that Garcia is challenging the Board's determination of the relevancy of the increased disability rating, we conclude that the Board did not abuse its discretion in determining that the DVA's increased rating was not

relevant to his denial of a disability retirement annuity. The standard for awarding a disability retirement annuity is whether Garcia was able to perform "useful and efficient service" in his position at the time of retirement, which is not the standard the DVA uses to increase a veteran's rating. The increased rating, therefore, does not necessarily affect entitlement to disability retirement annuity. The Board did not err in weighing the evidence and determining the relevancy of the increased disability rating. Moreover, to the extent that Garcia disagrees with the AJ's factual findings concerning his entitlement to disability retirement benefits, those findings are beyond the scope of our review. Because the Board considered the increased disability rating, we affirm the Board's decision. We have considered Garcia's remaining arguments and find them to be unpersuasive.

COSTS

No costs.