NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3336

TIMOTHY L. HARLSTON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  March 8, 2006

_____

Before MICHEL, <u>Chief Judge</u>, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Timothy L. Harlston petitions for review of the final order of the Merit Systems Protection Board ("Board"), dismissing Mr. Harlston's appeal for lack of jurisdiction.  We <u>affirm</u>.

BACKGROUND

Mr. Harlston was a distribution clerk with the United States Postal Service ("USPS" or "agency") when he suffered an on the job injury on May 29, 1992.  The Labor Department's Office of Worker's Compensation ("OWCP") accepted Mr.

Harlston's claim for worker's compensation benefits, and he subsequently received medical benefits and compensation for wage loss due to the injury. After he refused an offer of employment for another suitable position, Mr. Harlston's monetary compensation from OWCP was terminated pursuant to an OWCP decision on May 7, 1999, but he continued to receive medical benefits for the 1992 injury. He subsequently returned to his full duty assignment on June 22, 2001.

Mr. Harlston filed another claim on September 23, 2001 alleging that he suffered a recurrence of his previous injury. In a letter dated April 22, 2002, the claims examiner denied this claim, finding that the evidence did not establish that his condition was a recurrence of his 1992 injury, but was more likely due to a new incident on October 10, 2001. The OWCP denied Mr. Harlston's request for reconsideration on June 9, 2005, and Mr. Harlston asserts that his claim for benefits is currently on appeal with the Workers Compensation Appeals Board.

Mr. Harlston notified his managers that he was injured, allegedly due to an on the job injury, on May 10, 2002 and did not return to work after that date. The USPS sent him a letter on May 19, 2002 notifying him that he was required to furnish medical evidence to support an extended absence. When the agency did not receive a response, the agency issued a Notice of Removal on June 21, 2002. In the notice, the plant manager stated as reasons for removal that Mr. Harlston "has been irregular in attendance and most recently AWOL since May 10, 2002 allegedly due to an on the job injury."

Mr. Harlston filed a grievance appealing his removal on March 18, 2003 which the arbitrator denied as untimely on April 15, 2004. Mr. Harlston then appealed the

arbitrator's decision and the agency's removal to the Board on July 26, 2004. The administrative judge issued an order requiring Mr. Harlston to show why he was a preference eligible employee giving the Board jurisdiction over his appeal. Mr. Harlston then argued, as he does before this court, that jurisdiction is premised on Roche v. United States Postal Service, 828 F.2d 1555 (Fed. Cir. 1987). In the initial decision, the administrative judge dismissed Mr. Harlston's appeal for lack of jurisdiction, holding that Mr. Harlston had not provided information or evidence to establish that he was a preference eligible employee based on his military service, without addressing the issue of whether jurisdiction existed under Roche. Harlston v. U.S. Postal Serv., No. SF0752040680-I-1 (M.S.P.B. Oct. 14, 2004). Mr. Harlston sought review from the full Board. The administrative judge's initial decision became the final decision of the Board when the full Board denied the petition for review. Harlston v. U.S. Postal Serv., No. SF0752040680-I-1 (M.S.P.B. June 20, 2005). Mr. Harlston timely appealed to this court.

## DISCUSSION

This court has jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1). We must affirm the Board's decision unless we determine that its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). Whether the Board has jurisdiction to adjudicate a case is question of law, which this court reviews de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995).

The Board's jurisdiction is limited to those areas specifically granted by statute or regulation. Garcia v. Dep't of Homeland Sec., No. 05-3293, slip op. at 7-9 (Fed. Cir. Feb. 13, 2006). The appellant has the burden to prove, by a preponderance of the evidence, that the Board has jurisdiction over his appeal. Id.

On appeal, Mr. Harlston solely asserts that the Board possesses jurisdiction over his appeal under Roche. The Roche case affirmed that an employee may "appeal the denial of restoration rights if he could show that his removal was the result of a compensable injury or was substantially related to a compensable injury." Roche, 828 F.2d at 1557 (applying 5 U.S.C. §§ 7511(a)(1)(B), 8101, 8151 (1982)). A compensable injury is one for which an employee is deemed eligible to receive benefits from the OWCP. 5 C.F.R. § 353.301 (2005).

It is unclear whether Mr. Harlston is claiming that he is on leave and seeking reinstatement due to his 1992 injury, for which he continues to receive OWCP medical benefits, or for his 2001 alleged injury. The OWCP denied Mr. Harlston's claim to worker's compensation for his 2001 injury, in a decision on April 22, 2002. The OWCP notified him that he could file a claim that this was a new injury, but found that he had not adequately shown that his condition was a recurrence of his 1992 injury. Appeals of this decision appear to be pending so that currently, his 2001 injury has not been found to be compensable.

The Board will not have jurisdiction over a claim for a denial of a right of reinstatement until Mr. Harlston can show that his injury was compensable by the OWCP and that he applied for reinstatement due to partial or full recovery from that injury and was denied reinstatement. Because he has not applied for reinstatement

from leave due to a compensable injury, the Board does not have jurisdiction over Mr. Harlston's claim.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.