# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRENDA A. JAKES,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-14-0614-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　Agency. | DATE: April 1, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Brenda A. Jakes, Phenix City, Alabama, pro se.

Cheryl Smith, Esquire, Peachtree City, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained her removal for physical inability to perform her Custodial Worker position, and dismissed for lack of jurisdiction her disability retirement claim. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's finding that the Board lacks jurisdiction

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

over the appellant's disability retirement claim. We also AFFIRM the administrative judge's finding that the agency proved the charge of inability to perform AS MODIFIED to apply the correct legal standard for analyzing the charge. We REMAND the appellant's restoration claim, which the administrative judge failed to address below, to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The appellant was employed as a Custodial Worker with the Department of Defense Education Activity at Loyd Elementary School, Fort Benning, Georgia. Initial Appeal File (IAF), Tab 5 at 43, 139. At the beginning of the 2012-2013 school year, the appellant provided the agency with documentation indicating that she suffered medical restrictions as the result of shoulder conditions. *Id.* at 49. The appellant later claimed the conditions were job-related. IAF, Tab 6 at 8. After the appellant filed a reasonable accommodation request, the agency temporarily detailed her to an Educational Aide position, which offered a higher rate of pay than her Custodial Worker position.[2] IAF, Tab 5 at 60-66, 68, Tab 7 at 34.

¶3 On January 25, 2013, approximately 5 months after the appellant was temporarily detailed to the Educational Aide position, the agency issued her a notice of proposed removal, charging her with physical inability to perform the Custodial Worker position. IAF, Tab 5 at 43. After the appellant responded, the deciding official sustained the removal. *Id.* at 39-40, 139, 151.

¶4 After the appellant received a final decision on an equal employment opportunity (EEO) complaint concerning the issues in this appeal, she appealed to the Board. IAF, Tab 1 at 1-8, Tab 5 at 31-38. She did not timely request a

---

[2] The Educational Aide position only required a 7-hour workday. IAF, Tab 5 at 66. In order for the appellant to continue working 8 hours per day, the agency instructed her to work 1 hour per day on custodial duties that she was able to perform within her medical restrictions. *Id.*

hearing.[3]  *See* IAF, Tab 1 at 5, Tab 11, Initial Decision (ID) at 1.  The administrative judge issued an initial decision based on the written record finding that the Board lacked jurisdiction to adjudicate the appellant's disability retirement claim; the agency had proven the charge of inability to perform by preponderant evidence; the appellant had failed to establish her race and disability discrimination claims; and the penalty of removal was reasonable and promoted the efficiency of the service.  ID at 1-12.

¶5      The appellant has filed a petition for review, and the agency has filed a response.  PFR File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over the appellant's claims regarding her disability retirement.

¶6      On review, as below, the appellant requests that the Board "reconsider the facts in determining [her] medical retirement."  PFR File, Tab 1 at 2; IAF, Tab 9 at 1 (the appellant's request below).  We agree with the administrative judge that the Board lacks jurisdiction to review the appellant's claims regarding her desire for a disability retirement.  *See* ID at 3 n.1; IAF, Tab 10 at 1 n.1.  If the Office of Personnel Management (OPM) has not issued a reconsideration decision on an

---

[3] On her appeal form, the appellant indicated that she did not request a hearing.  IAF, Tab 1 at 5.  During a close of the record conference, the appellant represented that a May 27, 2014 letter that she submitted to the administrative judge 2 weeks prior constituted a request for a hearing.  IAF, Tab 10 at 1 n.1.  The appellant did not raise this issue on review.  Petition for Review (PFR) File, Tab 1.  We agree with the administrative judge that the letter did not contain a hearing request.  IAF, Tab 9 at 1 (the appellant's letter).  In addition, the administrative judge issued an April 21, 2014 acknowledgment order, which stated that if the appellant failed to request a hearing within 10 days of the order (i.e., by May 1, 2014), she would waive her right to a hearing.  IAF, Tab 2 at 1.  The appellant did not request a hearing within 10 days of the order, and therefore, her right to a hearing was waived.  *See* 5 C.F.R. § 1201.24(e) (if an appellant does not make a timely request for a hearing the right is waived); *see also Nugent v. U.S. Postal Service*, 59 M.S.P.R. 444, 446-47 (1993) (finding that an appellant waived his right to a hearing when he failed to request one either on his appeal form or within the time frame established by the administrative judge's order).

appellant's entitlement to a retirement benefit, the Board generally lacks jurisdiction over an appeal of that matter. *Fagone v. Office of Personnel Management*, 85 M.S.P.R. 49, ¶ 9 (2000). The Board may take jurisdiction over a retirement appeal in the absence of an OPM reconsideration decision if the appellant has made "repeated requests" for such a decision and the evidence indicates that OPM does not intend to issue a final decision. *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012). Here, the administrative judge found that the appellant admitted during a June 12, 2014 status conference that she had not applied for disability retirement with OPM. ID at 3 n.1; IAF, Tab 10 at 1 n.1. The appellant has not challenged that finding on review and has not submitted any evidence indicating that she either subsequently applied for disability retirement with OPM, or that OPM issued a reconsideration decision on such an application. *See* PFR File, Tab 1. Accordingly, we find that the Board lacks jurisdiction to adjudicate the appellant's claims regarding her desire for a disability retirement.

The agency proved the charge of physical inability to perform the Custodial Worker position.

¶7     On review, the appellant does not challenge the administrative judge's finding that the agency proved the charge of physical inability to perform the Custodial Worker position.[4] *See* PFR File, Tab 1. However, in his analysis of the charge, the administrative judge cited *Slater v. Department of Homeland Security*, 108 M.S.P.R. 419, ¶ 11 (2008), for the proposition that, in order to remove an employee for physical inability to perform, the agency must show that the disabling condition itself is disqualifying, its recurrence cannot be ruled out, and the duties of the position are such that a recurrence would pose a reasonable probability of substantial harm. ID at 4. The appellant did not hold a position

---

[4] The appellant also does not challenge the administrative judge's finding that her removal promoted the efficiency of the service. PFR File, Tab 1 at 2; ID at 5-6. We discern no reason to disturb this finding on review.

with medical standards or physical requirements subject to medical evaluation programs, and therefore, *Slater* does not govern this appeal. *See* IAF, Tab 6 at 13-17 (the position description); *see also Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 4 (2014) (*Slater* does not apply where an appellant does not occupy a position with medical standards or physical requirements subject to medical evaluation programs); *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 24 (2014) (same).

¶8        Instead, to establish a charge of physical inability to perform in this matter, the agency must prove a nexus between the appellant's medical condition and observed deficiencies in her performance or conduct, or a high probability, given the nature of the work involved, that her condition may result in injury to herself or others. *Fox*, 120 M.S.P.R. 529, ¶ 25 (citing *Marshall-Carter v. Department of Veterans Affairs*, 94 M.S.P.R. 518, ¶ 10 (2003), *aff'd*, 122 F. App'x 513 (Fed. Cir. 2005)). In other words, the agency must establish that the appellant's medical condition prevents her from being able to safely and efficiently perform the core duties of her position. *Fox*, 120 M.S.P.R. 529, ¶ 25. The core duties of a position are synonymous with its essential functions, i.e., the fundamental job duties of the position, not including marginal functions. *Id.*, ¶ 26 (citing 29 C.F.R. § 1630.2(n)(1)). Evidence of whether a particular function is essential includes, inter alia, the employer's judgment as to which functions are essential, written position descriptions, the amount of time spent performing the function, and the consequences of not requiring the incumbent to perform the function. *Fox*, 120 M.S.P.R. 529, ¶ 26 (citing 29 C.F.R. § 1630.2(n)(1)).

¶9        In determining if the agency has met its burden, the Board will consider whether a reasonable accommodation exists that would enable the appellant to safely and efficiently perform those core duties. *Fox*, 120 M.S.P.R. 529, ¶ 26. However, for the limited purposes of proving the charge, the agency is not required to show that it was unable to reasonably accommodate the appellant by assigning her to a vacant position for which she was qualified; whether it could

do so goes to the affirmative defense of disability discrimination and/or the reasonableness of the penalty. *Id.*

¶10    We find that the agency proved the charge of physical inability to perform by preponderant evidence. In the notice of proposed removal, the agency indicated that the essential duties of the appellant's position included: (1) sweeping, mopping, stripping, waxing and polishing floors using brooms, mops, industrial-type floor scrubbers, and other heavy-powered cleaning equipment; (2) dusting, waxing, and polishing office furniture and equipment; and (3) cleaning ceiling surfaces and making minor repairs such as replacing light bulbs and air filters. IAF, Tab 5 at 43. The Custodial Worker position description confirms that these duties were among "Typical Work Performed" in the position, and the appellant has not challenged the agency's description of her core duties. IAF, Tab 6 at 15; *see* IAF Tabs 1, 9; PFR File, Tab 1. Therefore, we consider those duties to be the core duties of her position.

¶11    The medical documentation that the appellant submitted to the agency indicated that, as the result of her shoulder injuries, she was unable to engage in heavy lifting, pushing, pulling, or overhead activities with either arm for an undetermined period of time. IAF, Tab 5 at 49, 72. In her reasonable accommodation request, the appellant indicated that her medical condition caused difficulties in performing the essential duties of her position, and that her disability was expected to be permanent. *Id.* at 62-64. Further at the time that the agency proposed her removal, the appellant had been unable to perform the duties of the Custodial Worker position for approximately 5 months. *Id.* at 43, 66. The record contains no evidence suggesting that there was a foreseeable end in sight to the appellant's incapacity.

¶12    Moreover, both before and after she received the notice of proposed removal, the appellant admitted that she was physically unable to perform the duties of the Custodial Worker position. The agency presented evidence that on January 9, 2013, approximately 2 weeks before the agency issued the notice of

proposed removal, the appellant's supervisor met with her to discuss whether there was anything that the agency could do to assist her in performing the duties of the Custodial Worker position. IAF, Tab 5 at 43, 97, 143. According to the agency, the appellant responded that she was unable to perform the position duties, even with accommodation. *Id.* The appellant did not dispute these assertions. IAF, Tabs 1, 9. In addition, in her February 11, 2013 response to the notice of proposed removal, the appellant stated that she "[did] not contest" her removal from the Custodial Worker position, and that it had been "medically documented" that she was "physically unable to perform" the duties of the position. IAF, Tab 5 at 41. Based upon this evidence, we find that the agency met its burden of proving the charge of inability to perform.

<u>The appellant did not establish that the agency discriminated against her by failing to accommodate her disability.</u>

¶13    On review, the appellant argues that, because her injuries were work-related and permanent, the agency should have done more to assist her.[5] PFR File, Tab 1 at 2. This argument may be construed as a challenge to the administrative judge's finding that the appellant failed to establish that the agency engaged in disability discrimination based upon a denial of a reasonable accommodation. *See* ID at 7-10.

¶14    The Rehabilitation Act requires an agency to provide a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability unless the agency can show that the accommodation would cause an undue hardship on its business operations. *Clemens*, 120 M.S.P.R. 616, ¶ 10. With exceptions not applicable here, the term "qualified" means that the individual satisfies the requisite skill, experience,

---

[5] The appellant does not challenge the administrative judge's findings that she failed to establish her affirmative defenses of disability discrimination based on disparate treatment and discrimination based on race. *See* ID at 10-12; PFR File, Tab 1. We discern no basis to disturb these well-reasoned findings.

education and other job-related requirements of the employment position the individual holds or desires and, with or without a reasonable accommodation, can perform the essential functions of such position. *Id*.; 29 C.F.R. § 1630.2(m). Reasonable accommodation includes modifications to the manner in which a position is customarily performed in order to enable a qualified individual with a disability to perform the essential job functions, or reassigning the employee to a vacant position whose duties the employee can perform. *Clemens*, 120 M.S.P.R. 616, ¶ 10.

¶15    We agree with the administrative judge that, although the appellant demonstrated that she is an individual with a disability, she failed to establish that she is a qualified individual with a disability. *See* ID at 8-9; *see also Henson v. U.S. Postal* Service, 110 M.S.P.R. 624, ¶ 7 (2009) (the appellant has the burden to show that she is a qualified individual with a disability). As discussed above, the record below establishes, and the appellant does not dispute, that she is unable to perform the essential functions of the Custodial Worker position, even with a reasonable accommodation. *See* IAF, Tab 5 at 41, 43, 97, 143; PFR File, Tab 1.

¶16    The appellant was entitled to be considered for reassignment to a vacant position for which she was otherwise qualified as a form of reasonable accommodation. *See Gonzalez-Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 14 (2010); 29 C.F.R. § 1630.2(o)(2)(ii). However, the agency's obligation to accommodate an employee with a disability includes reassignment only to a vacant position at or below the employee's current grade or level. *Gonzalez-Acosta*, 113 M.S.P.R. 277, ¶ 14; *Narcum v. Department of the Interior*, 98 M.S.P.R. 645, ¶ 8 (2005). The agency provided statements from three managers that there were no vacant positions to which the appellant could have been assigned at or below the grade level of her Custodial Worker position. IAF, Tab 5 at 176, 179, Tab 6 at 19. These statements were conclusory, and did

not explain the extent or nature of the agency's search for vacant positions.[6]  IAF, Tab 5 at 176, 179, Tab 6 at 19.  However, the appellant has not disputed the agency's assertions, and has not identified any vacant positions at the same or lower grade level to which she could have been reassigned.  *See* IAF, Tabs 1, 9; PFR File, Tab 1.  Therefore, the administrative judge correctly found that the appellant failed to establish her claim of disability discrimination based upon denial of reasonable accommodation.  ID at 7-10; *see also Massey v. Department of the Army*, 120 M.S.P.R. 226, ¶ 12 (2013) (the agency's failure to fulfill its obligation to search for a position as a reasonable accommodation does not relieve the appellant of her burden of ultimately showing that such positions existed and were available); *Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 53-54 (1998) (same).

¶17        On review, as she did below, the appellant asserts that the agency originally led her to believe that she would be permanently placed in the Educational Aide position.[7]  PFR File, Tab 1 at 2; IAF, Tab 1 at 8.  We agree with the

---

[6] The agency's obligation to reassign the appellant to a vacant position for which she was otherwise qualified as a form of reasonable accommodation was not limited to positions in the particular office, branch of the agency, or commuting area to which she was assigned when her need for an accommodation arose.  *See Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 18 (2011).  "Rather, the extent to which an employer must search for a vacant position will be an issue of undue hardship."  *Id.* (quoting *Equal Employment Opportunity Commission Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, Reassignment* at Question 27 (Oct. 17, 2002), available at http://www.eeoc.gov/policy/docs/accommodation.html#reassignment).

[7] The appellant alleges that she "provided witnesses," but they "were never contacted."  PFR File, Tab 1 at 2.  She contends that these witnesses could have provided proof that the agency offered and then rescinded a position as an Educational Aide.  *Id.*  However, the administrative judge was not obligated to contact witnesses on her behalf.  By order dated June 12, 2014, the administrative judge advised the appellant of the burden and elements of proof of her claim and affirmative defenses, and informed her that the record would close on June 30, 2014.  IAF, Tab 10.  The administrative judge further informed the appellant that she could submit witness statements.  *Id.* at 12.  After receiving this information, the appellant elected not to submit any such statements.

administrative judge that, even assuming that the appellant was initially misinformed, the agency was not obligated to permanently reassign her to the Educational Aide position, because the reassignment would have constituted a promotion. *See* ID at 9 n.2; IAF, Tab 7 at 34 (containing the agency's explanation that the appellant could not be reassigned to the Educational Aide position without using competitive promotion procedures). An agency is not required to promote an employee with a disability in order to provide a reasonable accommodation. *See Taylor v. Department of Homeland Security*, 107 M.S.P.R. 306, ¶ 8 (2007) (an agency's obligation to provide a reasonable accommodation does not entitle the employee to a position at a higher grade level); *Sheehan v. Department of the Navy*, 66 M.S.P.R. 490, 494 (1995) (same).

The administrative judge failed to provide jurisdictional notice regarding the appellant's restoration claim.

¶18    We find that the appellant's allegation that the agency should have done more to assist her because her injuries were work-related could alternatively be construed as a claim that the agency denied her restoration rights as a physically disqualified individual under 5 C.F.R. § 353.301(c).[8] *See* IAF, Tab 9 at 1; PFR File, Tab 1 at 2. To be entitled to a hearing on Board jurisdiction over a restoration claim, the appellant must make nonfrivolous allegations that, inter alia, she suffered a compensable injury and that her separation was substantially related to the compensable injury. *Norwood v. U.S. Postal Service*, 100 M.S.P.R. 494, ¶ 4 (2005); *see Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1102 (Fed. Cir. 2011) (discussing the two-step process for establishing Board jurisdiction over restoration appeals). A compensable injury is defined as one

---

[8] A physically disqualified individual includes an employee who, for medical reasons, is unable to perform the duties of the position formerly held or an equivalent one, and the condition is considered permanent with little likelihood for improvement or recovery. 5 C.F.R. § 353.102.

that is accepted by the Office of Workers' Compensation Programs (OWCP) as job-related, for which medical monetary benefits are payable from the Employees' Compensation Fund. *King v. Department of the Navy*, 90 M.S.P.R. 341, ¶ 6 (2001).

¶19    Here, the appellant argued below that her injuries were work-related. IAF, Tab 9 at 1 (the appellant's argument below). In addition, the agency submitted evidence that on February 7, 2013, approximately 2 weeks after it issued the notice of proposed removal, OWCP accepted the appellant's claim that her shoulder injuries were work-related. IAF, Tab 6 at 35. Four days after OWCP accepted her claim, the appellant responded to the notice of proposed removal, requesting reassignment to "a comparable position at [her] current pay." IAF, Tab 5 at 151. We find that, in light of the liberal pleading standard for pro se appellants, and the evidence submitted by the agency below, the appellant's allegations should have put the administrative judge on notice that the appellant was alleging that the agency had violated her restoration rights. *See Roche v. U.S. Postal Service*, 828 F.2d 1555, 1558 (Fed. Cir. 1987) (pro se petitioners are not expected to frame issues with the precision of a common law pleading); *Deloach v. Department of the Treasury*, 58 M.S.P.R. 574, 578 (1993) (finding that a pro se appellant's citation to the law regarding restoration rights, evidence that he was absent for a compensable injury, and his allegation that he could perform light-duty work should have put the administrative judge on notice that he intended to allege a violation of his restoration rights).

¶20    Therefore, we find that the appellant was entitled to receive explicit information on the burden and elements of proof required to establish jurisdiction over a restoration appeal. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *Ballesteros v. U.S. Postal Service*, 88 M.S.P.R. 428, ¶ 6 (2001). The administrative judge failed to provide the appellant with such notice, and the

agency's submissions below did not place the appellant on notice of what was required to establish jurisdiction. *See* IAF, Tabs 2, 5-11. Accordingly, we find it necessary to remand this appeal so that the administrative judge can apprise the appellant of how to establish jurisdiction over her restoration claim and provide her with an opportunity to file evidence and argument on this issue. *See Colleran v. U.S. Postal Service*, 112 M.S.P.R. 650, ¶¶ 9-10 (2009) (remanding a restoration claim where the administrative judge failed to provide the appellant with *Burgess* notice).

## ORDER

For the reasons discussed above, we AFFIRM the initial decision in part, and REMAND the appellant's restoration claim to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        _____
                               William D. Spencer
                               Clerk of the Board

Washington, D.C.