# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRIDGETTE COBB,
    Appellant,

    v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
DC-0353-14-1117-I-1

DATE: June 1, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brian T. Edmunds</u>, Esquire, Washington, D.C., for the appellant.

<u>Jed Charner</u>, Landover, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The nonpreference-eligible appellant worked for the U.S. Postal Service (agency) in a series of transitional, not-to-exceed (NTE) appointments as a City Carrier between May 2005, and April 10, 2013. Initial Appeal File (IAF), Tab 9 at 19-59. Effective April 10, 2013, the agency terminated the appellant on the expiration date of her transitional, noncareer, NTE appointment as a City Carrier. *Id*. at 59, 61, 66. At the time of her termination, the appellant was receiving monthly payments from the Office of Workers' Compensation Programs for an on-the-job injury that occurred on April 21, 2012. IAF, Tab 1, Tab 8 at 10. In January 2014, the appellant recovered sufficiently to resume working with certain restrictions and she sought work. IAF, Tab 1 at 5, Tab 8 at 5, 17-21. The agency instructed the appellant to apply for a position, and she unsuccessfully applied for a City Carrier Assistant (CCA) position in June 2014. IAF, Tab 8 at 32-33. The appellant subsequently filed an appeal with the Board alleging that the agency denied her restoration rights. IAF, Tab 1 at 4.

¶3      The administrative judge set forth the jurisdictional criteria applicable to a restoration appeal and ordered the appellant to file evidence and argument proving that the Board had jurisdiction over her appeal or that she was entitled to a hearing on the jurisdictional issue. IAF, Tab 3. After considering the parties'

responses to the order on jurisdiction, the administrative judge dismissed the appellant's restoration appeal, without holding a hearing, and found that the appellant failed to make a nonfrivolous allegation of jurisdiction. IAF, Tabs 8-9, 13, Tab 14, Initial Decision (ID) at 1-2, 5-6. In reaching her decision, the administrative judge found that the appellant offered no evidence or argument to contradict the agency's documentary evidence that her appointments were made in accordance with 5 U.S.C. § 1001 and the collective bargaining agreement with a not-to-exceed date. ID at 5-6. Based on the foregoing, the administrative judge found that the Board had no jurisdiction over the appellant's restoration claim because she was not within the regulatory definition of covered persons. ID at 5.

¶4        The appellant filed a petition for review arguing that she was entitled to a hearing because she made a nonfrivolous allegation of jurisdiction based on her assertion that the agency treated her as a permanent employee and that, but for her compensable injury, the agency would have restored her to a permanent position. Petition for Review (PFR) File, Tab 3 at 13-15. The appellant also argues that time-limited temporary employees possess restoration rights under 5 U.S.C. § 353.103(b), and that she meets the other jurisdictional criteria to bring a restoration appeal. *Id.* at 15-17. The agency responded in opposition to the petition, and the appellant replied. PFR File, Tabs 5-6.

¶5        An employee who is "separated or furloughed from an appointment without time limitation, or from a temporary appointment pending establishment of a register (TAPER) as a result of a compensable injury" may have restoration rights under 5 C.F.R. Part 353. *Law v. Department of the Navy*, 77 M.S.P.R. 474, 476 (1998); 5 C.F.R. § 353.103(b). In this case, it is undisputed that the agency separated the appellant from an appointment with a time limitation, although she alleges that her compensable injury was the reason for her termination rather than the expiration of her appointment. PFR File, Tab 3 at 10. Moreover, the appellant does not allege that her appointment to that position was a TAPER.

¶6        The appellant's allegations that the administrative judge misconstrued the law and that the other transitional employees at her duty station were "converted to career or CCA status and that she would have been but for her compensable injury," do not bring this appeal within the Board's jurisdiction.[2] PFR File, Tab 6 at 4-5. Accordingly, the administrative judge properly found that the Board does not have jurisdiction over the appellant's restoration claim. *See Law*, 77 M.S.P.R. at 476; *see also Sullivan v. Department of Transportation*, 59 M.S.P.R. 18, 19 (1993) (finding that the appellant's failure to support his assertion that he served in other than a temporary appointment with a 1-year time limit precluded him from showing that the Board has jurisdiction over his claim regarding restoration rights); *Dubose v. U.S. Postal Service*, 45 M.S.P.R. 252, 256-57 (1990) (finding that the administrative judge properly dismissed the appeal for lack of jurisdiction because the appellant was not included in the categories of employees entitled to appeal to the Board from a denial of restoration under 5 C.F.R. Part 353); *Hays v. Department of the Air Force*, 84 M.S.P.R. 443, ¶ 15 (1999) (finding that restoration under Part 353 is available to an employee who was separated from a position without time limitation, so long as the separation either resulted from, or was substantially related to, a compensable injury); 5 C.F.R. § 1201.3(a)(12).

---

[2] We find no merit in the appellant's argument that her situation is analogous to the probationer in *Roche v. U.S. Postal Service*, 828 F.2d 1555, 1558 (Fed. Cir. 1987), who obtained a jurisdictional hearing in his restoration appeal by making a nonfrivolous allegation that he was terminated during his probationary period due to his compensable injury. PFR File, Tab 3 at 11-12. Unlike the appellant, the agency terminated Roche while he was serving a probationary career appointment as a part-time flexible letter carrier, which appears as a position without time limitation within the coverage of the regulation then in effect in 1987. *Roche*, 828 F.2d at 1556; 5 C.F.R. 353.103(c)(1) (1987). Regardless, in *Roche*, the Federal Circuit did not address the issue of whether the appellant fell within the definition of "persons covered" in 5 C.F.R. 353.103(c)(1) (1987), and the current regulation is substantially different. *Compare* 5 C.F.R. § 353.103(b) (2014), *and* 5 C.F.R. § 353.103(c)(1) (1987).

¶7     We have considered the appellant's remaining arguments and we find no reason to disturb the initial decision dismissing the appeal for lack of jurisdiction without holding a hearing.[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

---

[3] The appellant's allegations that the agency treated her as a permanent employee and that the agency "failed to restore her to a permanent (not temporary position)," do not show that she meets the regulatory definition of covered persons.  PFR File, Tab 3 at 10-11; *see* 5 C.F.R. § 353.103(b).

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at <u>http://www.mspb.gov/probono</u> for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:     _____
             William D. Spencer
             Clerk of the Board

Washington, D.C.