**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GERARDO GARZA, | DOCKET NUMBER |
| Appellant, | DE-315H-22-0094-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: February 13, 2023 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Gerardo Garza</u>, Laredo, Texas, pro se.

<u>Kimberly Finley</u>, Esquire, Tucson, Arizona, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the administrative judge's finding that the Board lacks jurisdiction to review the appellant's probationary

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

termination under 5 U.S.C. chapter 75 or 5 C.F.R. part 315, subpart H, VACATE the administrative judge's finding that the Board lacks jurisdiction over his denial of restoration claims, REMAND the appeal to the Denver Field Office for a hearing on the merits of the appellant's claim that on or about January 3, 2022, the agency violated his restoration rights following partial recovery from a compensable injury, and FORWARD the appellant's petition for review to the Denver Field Office for docketing as a new appeal concerning his claim that the agency unlawfully denied his subsequent March 4, 2022 request for restoration.

## BACKGROUND

¶2    The appellant began employment with the agency as a Customs and Border Protection Officer (CBPO) on May 23, 2021.  Initial Appeal File (IAF), Tab 5 at 7.  His appointment was subject to a 1-year probationary period.  *Id.*  On June 8, 2021, the appellant suffered on-the-job injuries to his neck and ankle.  IAF, Tab 1 at 5, 7.  The appellant has alleged that the injuries were "approved" by the Office of Workers' Compensation Programs and are therefore compensable injuries.  IAF, Tab 1 at 5, Tab 8 at 4.  The agency placed him in a light-duty position, which he performed until January 3, 2022.  IAF, Tab 1 at 7.  By letter dated December 10, 2021, which the appellant asserts he received on January 3, 2022, the agency terminated the appellant's employment 7 months into his probationary period because he was unable to return to full duty to complete the required training for CBPOs.  *Id.* at 3, 7.

¶3    The appellant appealed to the Board.  *Id.* at 1-11.  The administrative judge issued two jurisdictional orders.  IAF, Tabs 3, 7.  The first order explained that the Board ordinarily lacks jurisdiction over termination appeals brought by probationary employees with less than 1 year of Federal service and provided the appellant with an opportunity to establish that he is an "employee" with appeal rights, as defined by 5 U.S.C. § 7511, or that he met one of the other exceptions to establish jurisdiction over his appeal.  IAF, Tab 3.  The appellant submitted a

response, in part, asserting that he was seeking restoration as an employee who partially recovered from a compensable injury. IAF, Tab 6 at 4. The administrative judge then issued a second jurisdictional order, which explained how to establish jurisdiction over a restoration appeal. IAF, Tab 7. In his March 4, 2022 response to the second jurisdictional order, the appellant asserted that he had recovered from one of his compensable injuries and attached medical documentation in support of his assertion. IAF, Tab 8 at 4-60. Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 2-8.

¶4 The appellant has filed a petition for review of the initial decision, and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 Generally, probationary employees with less than 1 year of Federal service, like the appellant, have limited statutory and regulatory rights on appeal. The appellant has not challenged, and we find no error in, the administrative judge's finding that the Board lacks jurisdiction over the appellant's termination appeal because the appellant failed to establish that he is an "employee" with appeal rights under 5 U.S.C. chapter 75 and he failed to nonfrivolously allege that his termination was motivated by marital status discrimination or partisan political reasons or that it was based, in whole or part, on matters that occurred before his appointment. ID at 4-6. Accordingly, we affirm those findings.

¶6 However, a probationary employee, like the appellant, may appeal a denial of restoration rights based on a compensable injury. *See Roche v. U.S. Postal Service*, 828 F.2d 1555, 1557 (Fed. Cir. 1987). Pursuant to 5 C.F.R § 353.301(d), agencies are required to "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty."

To establish Board jurisdiction over a restoration claim as a partially recovered employee, the appellant must make nonfrivolous allegations of the following: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12. A denial of restoration is arbitrary and capricious if, and only if, the agency failed to meet its obligations under 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider him for any such vacancies. *Cronin*, 2022 MSPB 13, ¶¶ 14, 20. Determining whether an agency met its obligation under section 353.301(d) will turn on whether it "ma[d]e every effort" to restore a partially recovered employee "in the local commuting area" and "according to the circumstances in each case." *Id.*, ¶ 21 (quoting 5 C.F.R. § 353.301(d)).

¶7       The administrative judge found, and the parties do not dispute, that the appellant nonfrivolously alleged that he suffered a compensable injury and that he recovered sufficiently to return to work in a position with less demanding physical requirements than those previously required of him, therefore meeting the first two elements of the jurisdictional analysis. ID at 6-7. As to the third element, the administrative judge found that the appellant failed to nonfrivolously allege that the agency denied his request for restoration because he never requested restoration. ID at 8. We disagree. The Board has held that the rescission of a previously provided restoration or the discontinuation of a limited-duty position may constitute an appealable denial of restoration, regardless of whether the action was protested by the employee and whether he made a specific request for restoration at that time. *Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶¶ 9-10 & n.2 (2012). The appellant has submitted his

termination letter, which discontinued his light-duty position. IAF, Tab 1 at 7-8. Thus, we find that the appellant has nonfrivolously alleged that the agency denied his restoration rights when it discontinued his light-duty position on January 3, 2022. IAF, Tab 1 at 3, 7-8. Regarding the fourth element, the agency appears to suggest in its filings that it did not conduct a search for vacant positions in the local commuting area.[2] IAF, Tab 9 at 6. Accordingly, we find that the appellant has nonfrivolously alleged jurisdiction over appeal concerning the alleged denial of his restoration rights on January 3, 2022, and we remand to the Denver Field Office for a hearing on the merits of that claim.

¶8 We also address a second potential restoration claim. In his March 4, 2022 response to the jurisdictional order, the appellant asserted that he had recovered further since the agency terminated his employment, and he submitted medical documentation related to one of his two alleged compensable injuries. IAF, Tab 8 at 4. In response, the agency asserted that the appellant could contact the agency to invoke his restoration rights as a partially recovered employee, in which case it would then attempt to restore him. IAF, Tab 9 at 6. We find that the appellant's filing is sufficient to put the agency on notice that he is seeking restoration as a partially recovered employee. To the extent the agency expects the appellant to submit additional filings in order to invoke his restoration rights, we find that this is inconsistent with Board case law. *See Gerdes v. Department of the Treasury*, 89 M.S.P.R. 500, ¶¶ 12-13 (2001) (cautioning against the imposition of additional notice requirements beyond those set forth in 5 C.F.R. § 353.301 for an individual who seeks restoration). The appellant's petition for review suggests that, as of the filing date of that petition, the agency had not yet acted on his request. PFR File, Tab 1 at 4. Accordingly, we forward the appellant's petition for review to

---

[2] The agency argues that it would be unreasonable to reinstate the appellant to a law enforcement position because he is unable to attend the basic training academy. IAF, Tab 9 at 6. Although this argument relates to the merits and should be addressed by the administrative judge on remand, we note that 5 C.F.R. § 353.301(d) does not require reinstatement to the same position held at the time of the injury.

the Denver Field Office for docketing as a new appeal regarding the denial of restoration rights after March 4, 2022.[3]

## ORDER

¶9    For the reasons discussed above, we remand this appeal to the Denver Field Office for a hearing on the merits of the appellant's claim that on or about January 3, 2022, the agency violated his restoration rights following partial recovery from a compensable injury.  We also forward the appellant's petition for review to the Denver Field Office for docketing as a new appeal regarding the appellant's claim that the agency denied his March 4, 2022 request for restoration as a partially recovered employee.


FOR THE BOARD:                         /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.

---

[3] We make no findings as to whether the appellant has established jurisdiction over this claim.