# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES H. HARTMAN, III,<br>Appellant, | DOCKET NUMBER<br>DE-3443-23-0264-I-1 |
| v. | |
| DEPARTMENT OF<br>TRANSPORTATION,<br>Agency. | DATE: August 27, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

James H. Hartman, III, Mesa, Arizona, pro se.

Lindsay M. Nakamura, El Segundo, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant has been employed with the Federal Aviation Administration since 2008, when he was hired as an FV-0343-H Management and Program Analyst for the Aviation Weather Office in Washington, D.C.  Initial Appeal File (IAF), Tab 1 at 5, 129.  In 2014, he accepted his current position as an FV-0343-G Management Program Analyst for the Quality Control Group in Pheonix, Arizona, which is a lower-graded position than his former position.  *Id.* at 5, 130; IAF, Tab 14 at 4.  In his Board appeal, he alleged that he accepted the 2014 "demotion" because he was informed by the facility manager that there would be promotional potential for him at that facility, "but that was not the case."  IAF, Tab 1 at 5.  He contended that he has since been denied advancement opportunities because of age, race, and sex discrimination.  *Id.* at 5-6.

¶3    The administrative judge notified the appellant that the Board may not have jurisdiction over his claim, which he construed as a request for pay grade and salary increase.  IAF, Tab 3 at 1.  He afforded the appellant an opportunity to provide evidence and argument that his appeal is within the Board's jurisdiction, but he did not provide the appellant with explicit information on what was required to establish the Board's jurisdiction over an involuntary or constructive demotion claim.  *Id.* at 1-3.  Both parties responded to the administrative judge's jurisdictional order.  IAF, Tabs 12, 86, 87.  The appellant asserted, among other things, that he accepted the demotion based on "false indications of promotion opportunities," IAF, Tab 87 at 5, and that his demotion and reduction in grade clearly fell within the purview of the Board's jurisdiction, *id.* at 4.

¶4    Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 88, Initial Decision (ID).  He found that the appellant's use of the term "demotion" was conclusory and pro forma and thus did not constitute nonfrivolous allegations of Board jurisdiction.  ID at 2 n.3.  He further found that, in the absence of an otherwise appealable

action, the Board lacks jurisdiction over the appellant's discrimination claims. ID at 3.

¶5 The appellant has filed a petition for review, asserting that the administrative judge did not adequately consider his claim of an "unwilling demotion." Petition for Review (PFR) File, Tab 6 at 5. He argues that he was "subtly coerced/compelled to accept an unwilling demotion based on false promises of promotion opportunities." *Id.* The agency has responded in opposition to the appellant's petition for review, contending that the appellant raised a claim of coerced demotion for the first time on review and is precluded from doing so absent a showing that the argument was previously unavailable. PFR File, Tab 9 at 7-8. The appellant has replied to the agency's response. PFR File, Tab 10.

## ANALYSIS

¶6 An employee's acceptance of a lower-graded position is generally considered to be voluntary and not subject to the Board's jurisdiction. *Reed v. U.S. Postal Service*, 99 M.S.P.R. 453, ¶ 12 (2005), *aff'd*, 198 F. App'x 966 (Fed. Cir. 2006). However, an appellant may show that such an action was involuntary, and thus subject to the Board's jurisdiction, by presenting sufficient evidence to establish that the action was obtained through duress or coercion or showing that a reasonable person would have been misled by the agency. *Id.*; *see also McGarigle v. U.S. Postal Service*, 36 M.S.P.R. 610, 615 (1988) (stating that an appellant's reassignment could be involuntary if the agency made misleading statements upon which the employee reasonably relied to his detriment in requesting the reassignment). A jurisdictional hearing is required only if the employee makes a nonfrivolous allegation that, if proved, would establish Board jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). However, before an appeal may be dismissed for lack of jurisdiction

without a hearing, an appellant must be apprised of what he must allege to establish Board jurisdiction over his appeal. *Id.* at 643-44.

¶7        Although, here, the appellant did not explicitly use the terms "constructive demotion" or "involuntary demotion" in his pleadings, he raised allegations of misleading statements by the agency alluding to an involuntary demotion. IAF, Tab 1 at 5-6, Tab 87 at 5-6. Furthermore, he reraises and further clarifies his claim of an "unwilling demotion" based on "coercion" or "false promises" on review. PFR File, Tab 6 at 5. We note that the appellant is pro se before the Board and, as such, is not expected to frame issues with the precision of a common law pleading. *See Roche v. U.S. Postal Service*, 828 F.2d 1555, 1558 (Fed. Cir. 1987); *see also Lewis v. U.S. Postal Service*, 82 M.S.P.R. 254, ¶ 5 (1999). Based on his pleadings before the administrative judge, we find that the appellant was entitled to notice of the requirements for establishing the Board's jurisdiction over his alleged involuntary demotion. *See Burgess*, 758 F.2d 641, 643-44. Because the appellant did not receive proper *Burgess* notice, nor was this defect cured by the agency's pleadings or the initial decision, we must remand the appeal to afford the appellant an opportunity to establish jurisdiction based on an adequate jurisdictional notice. *See, e.g.*, *Lewis*, 82 M.S.P.R. 254, ¶ 11; *Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005).

¶8        If the appellant establishes on remand the Board's jurisdiction over his alleged involuntary demotion, the appellant will also bear the burden of proof regarding timeliness. 5 C.F.R. § 1201.56(b)(2)(i)(B); *see Popham v. U.S. Postal Service*, 50 M.S.P.R. 193, 196-97 (1991) (holding that the existence of Board

jurisdiction is the threshold issue in adjudicating an appeal).[2]  It appears that the appellant's involuntary demotion claim was not timely filed, as he alleged that his involuntary demotion occurred in July 2014, and he did not file his appeal until June 6, 2023.  IAF, Tab 1 at 1, 5; *see* 5 C.F.R. § 1201.22(b).  However, even if an appeal is untimely filed, the Board may hear the appeal if the appellant establishes a good cause for the delay.  5 C.F.R. § 1201.22(c); *Higgins v. U.S. Postal Service*, 84 M.S.P.R. 64, ¶ 7 (1999).  On remand, if the appellant establishes the Board's jurisdiction, the administrative judge should also advise the appellant of what is required to establish that his appeal was timely filed or that good cause existed for the delay and shall afford the parties an opportunity to offer additional evidence and argument concerning these issues.[3]  *See Tedesco v. Department of the Air Force*, 90 M.S.P.R. 367, ¶ 11 (2001); *Higgins*, 84 M.S.P.R. 64, ¶ 7 (1999).

---

[2] Although a jurisdictional determination may not be required when the Board, by assuming arguendo that it has jurisdiction over an appeal, finds that the appeal can be properly dismissed on timeliness or other grounds, *Popham*, 50 M.S.P.R. at 196-97, such an approach may be inappropriate under the circumstances of this case, *see Ginsiorsky v. U.S. Postal Service*, 68 M.S.P.R. 548, 550-51 (1995) (explaining that a timeliness dismissal is not appropriate when the jurisdictional and timeliness issues are "inextricably intertwined"; that is, if resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action); *see also Gingrich v. U.S. Postal Service*, 67 M.S.P.R. 583, 584 (1995).

[3] If the appellant establishes a factual dispute as to whether there is good cause for an untimely filing, he is entitled to a timeliness hearing.  *See Braxton v. Department of the Treasury*, 119 M.S.P.R. 157, ¶ 11 (2013).

**ORDER**

¶9     For the reasons discussed above, we remand this appeal to the Denver Field Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board
Washington, D.C.